The **PLUMBERMAN, INC.,**
**Plaintiff-Appellant,**

v.

**URBAN SYSTEMS DEVELOPMENT CORPORATION and Federal Insurance Company, Defendants-Appellees.**

No. 79–1710

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 24, 1979.

Robert L. Littlefield, Jr., Decatur, Ga., for plaintiff-appellant.

Nicholson & Meals, E. Penn Nicholson, Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Atlanta, Ga., for defendants-appellees.

Before CLARK, GEE and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

This case presents the question whether the dismissal of a previous action was with or without prejudice. If the previous action was dismissed with prejudice, this claim is barred by res judicata, and summary judgment was properly granted for defendant. Because we find that the dismissal was a voluntary dismissal pursuant to Rule 41(a), we hold that it was without prejudice to the

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

merits of the action and accordingly reverse the order of summary judgment and remand the case to the district court.

On June 5, 1974, plaintiff The Plumberman, Inc., petitioned to intervene in pending litigation in the United States District Court for the District of South Carolina to assert a claim against defendant Urban Systems Development Corporation. On June 17, 1974, permission was granted and Plumberman filed its claim. After 18 months of litigation, the non-intervening parties moved to dismiss with prejudice each cause of action, cross-complaint, and counter-claim. Plumberman consented to the motion and requested that its claim against Urban Systems Development Corporation be retained on the trial calendar for disposition at another date and that it have an opportunity to restructure its complaint to identify itself as plaintiff and Urban Systems Development Corporation as defendant. The court granted the motion, ordering as follows:

1. The Plumber Man, Inc. is given ten (10) days from the date of this order in which to file an amended complaint against Urban Systems Development Corporation and retain its present place on the calendar. . . . If the Plumber Man, Inc. fails to file the amended complaint within ten (10) days, its action shall be dismissed.

2. All other causes of action, rights of action, cross-complaints and/or counter-claims between or among the remaining parties are dismissed with prejudice and forever ended.

Plumberman never filed an amended pleading. No further action in the case was taken.

On October 11, 1977, Plumberman commenced the present action in the Superior Court of Fulton County, Georgia. The action was removed to the Northern District of Georgia. The District Court granted defendant's motion for summary judgment, holding that the action was barred by res judicata because of the prior dismissal. The District Court did not analyze that order but merely held that "a litigant's consent to dismissal of a lawsuit bars its subsequent action with the same force as a fully litigated judgment," relying on *Astron Industrial Associates, Inc. v. Chrysler Motor Corp.,* 405 F.2d 958, 960 (5th Cir. 1968). *Astron*, however, held that "a stipulation of dismissal *with prejudice*, or, for that matter, a dismissal with prejudice at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *Id.* (emphasis supplied).

*Astron* is inapposite. Plumberman did not stipulate to a dismissal with prejudice. Merely stipulating that a cause may be dismissed if an amended complaint is not filed within 10 days is in no sense a stipulation that upon default in such filing the cause of action is at an end forever.

The stipulated order which became an order of dismissal does not specify whether the dismissal as to Plumberman would be with or without prejudice. Rule 41(a)(2), Fed.R.Civ.P., however, provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Plumberman consented to the motion and the order of dismissal in the form entered. For the purposes of this Rule the dismissal was at Plumberman's instance. Thus the dismissal was a voluntary dismissal under Rule 41(a). Because the order did not otherwise specify, the dismissal is without prejudice. Consequently it can have no res judicata effect. The district court's order granting summary judgment for defendant was therefore in error. The judgment is reversed and the case is remanded to the district court.

**REVERSED AND REMANDED.**