Carvel DILLARD, Plaintiff–Appellant,

v.

SECURITY PACIFIC BROKERS, INC. and Financial Clearing & Services Corp., Defendants–Appellees.

No. 87–2673
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 15, 1988.
Rehearing Denied Feb. 18, 1988.

Carvel Dillard, pro se.

William M. Parrish, Dallas, Tex., for defendants-appellees.

Before GEE, GARWOOD and JONES, Circuit Judges.

GEE, Circuit Judge:

This appeal presents a bizarre fact situation and one narrow issue of first impression in our circuit.

### Facts

Carvel Dillard, appearing pro se both here and in the trial court, sued the defendant brokers on negligence and various other theories to recover losses that he claims he suffered when they refused to execute buy orders that he gave them. Dillard had, however, financed the proposed stock transaction with admittedly hot checks which he gave the brokers, in consequence of which they suffered a loss of over $50,000. In a prior action to Dillard's pro se one against them, they sought recovery against him for this loss. Dillard answered, raising the supposed negligence of the brokers in failing to execute his orders, but failed to comply with discovery orders and suffered a consequent judgment. After his answer was filed in the first action, a criminal prosecution of Dillard based on the worthless checks was commenced. The defendant brokers contend that the claims which Dillard asserts in the present action were compulsory counterclaims in their earlier one and, hence, that they are subject to the bar of the prior judgment. The trial court agreed and dismissed Dillard's suit. We also agree in large part, but must reverse as to one group of Dillard's claims —those which stem from his criminal prosecution.

### Analysis

In our Circuit the applicable test for determining whether *res judicata* bars a party's claim is:

> For a prior judgment to bar an action on the basis of *res judicata*, the parties must be identical in both suits, the prior judgment must have been rendered by a court of competent jurisdiction, there must have been a final judgment on the merits and the same cause of action must be involved in both cases.... This Court

has recognized that the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action.

*Nilsen v. City of Moss Point,* 701 F.2d 556, 559 (5th Cir.1983).

■ The first two factors of this test are undisputedly present in this case. Dillard's first argument—that *res judicata* should not apply because the original determination by Judge Bue was not an adjudication on the merits (the third factor)—is meritless. While a voluntary dismissal without prejudice has no *res judicata* effect, *Plumberman, Inc. v. Urban Systems Development Corp.,* 605 F.2d 161, 162 (5th Cir.1979), a dismissal with prejudice at any stage of a judicial proceeding ordinarily constitutes a final judgment on the merits which bars a later suit on the same cause of action. *Astron Industrial Associates, Inc. v. Chrysler Motors Corp.,* 405 F.2d 958, 960 (5th Cir.1968).

Fed.R.Civ.P. 41(b) provides in pertinent part that, after a motion to dismiss for failure to comply with the federal rules, "Unless the court in its order for dismissal otherwise specifies a dismissal under this subdivision ... operates as an adjudication upon the merits." Dismissal of a case for failure to appear for the taking of a deposition (which happened with Dillard's counterclaim in the original case), constitutes a judgment on the merits, is *res judicata,* and bars a subsequent action.

In the original case, moreover, Dillard was warned by the court that his failure to obey an order and appear at a scheduled deposition would result in a "judgment by default" being rendered against him. The court had authority under Fed.R.Civ.P. 37(b)(2)(C) to "dismiss[ ] the action or proceeding" or to render "a judgment by default against the disobedient party...." Although the discretion employed in selecting an appropriate sanction is subject to appellate review, Dillard did not appeal Judge Bue's judgment. This judgment is therefore a final one, on the merits and of a kind to operate as a bar to subsequent actions.

The application of the fourth factor of *Nilsen* —whether the second suit involves the same cause of action—depends in this case upon the scope of the compulsory counterclaim rule. Therefore, the next inquiry concerns what claims were required to have been asserted as a compulsory counterclaim in the original suit. Fed.R. Civ.P. 13(a) designates as a compulsory counterclaim "any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ..." The trial court determined that the instant case involved the "same transaction" as the original case and that such claims "were required to have been asserted under Rule 13(a)" in his answer in the original case.

In *Martino v. McDonald's System, Inc.*, 598 F.2d 1079, 1082 (7th Cir.1979), the court stated:

Rule 13(a) is in some ways a harsh rule. It forces parties to raise certain claims at the time and place chosen by their opponents, or to lose them. The rule, however, is the result of a balancing between competing interests. The convenience of the party with a compulsory counterclaim is sacrificed in the interest of judicial economy.

▪ The district court was correct that all of the claims arising out of the transactions between Dillard and Security Pacific which resulted in his unexecuted order for securities and all claims in existence before the date of his answer were required to have been raised in a compulsory counterclaim contained within Dillard's answer in the earlier case.

The judgment in that case terminated all of those counterclaims arising out of the securities trading transaction. Therefore, the contract, negligence, agency and securities law claims involve the same alleged wrong in each case, each arose from the failure to execute Dillard's trade order, and it was proper for the court to dismiss those claims as barred by *res judicata.*

▪ Appellant is correct, however, that those claims which arose *after* the date of his answer in the original suit are not barred by *res judicata.* A counterclaim acquired by a defendant after he has answered is not considered compulsory, even if it arises out of the same transaction as does plaintiff's claim. *See* 6 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1411, at 55 (1971). As Professor Wright notes, the exception derives from the rule's clear language, limiting its ambit to claims the pleader has "at the time of serving the pleading." Case authority for the exception is sparse but uniform, and we adopt it for our Court.

As we note above, after Security Pacific filed its original civil action against Dillard and after Dillard's answer and "counterclaim" had been filed in that action, it successfully sought to have Dillard prosecuted criminally. That prosecution is the basis for Dillard's RICO action and attendant charges. Since those claims arose after his answer, they could not have been asserted by him in that answer as a compulsory counterclaim. All of the claims arising from the unexecuted trade which were or could have been raised in his answer to the original suit are barred by *res judicata;* as to those claims which arose thereafter, however, the judgment must be vacated and the case remanded. It is so ORDERED.