**CHOICE HOTELS INTERNATIONAL, INCORPORATED, formerly known as Quality Inns International, Inc., Plaintiff–Appellant,**

v.

**GOODWIN AND BOONE, a Tennessee General Partnership; T. David Goodwin; Charles P. Boone, Defendants–Appellees.**

No. 93–1070.

United States Court of Appeals, Fourth Circuit.

Argued June 10, 1993.

Decided Dec. 9, 1993.

Harry Martin Rifkin, argued (Franklin T. Caudill, on brief), Semmes, Bowen & Semmes, Baltimore, MD, for plaintiff-appellant.

Sam Berry Blair, Jr., Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, TN, argued for defendants-appellees (Kathryn K. Theofilos, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, TN and Paul M. Vettori, Kenny, Vettori & Robinson, Baltimore, MD, on brief).

Before RUSSELL, Circuit Judge, SPROUSE, Senior Circuit Judge, and BRITT, United States District Judge for the Eastern District of North Carolina, sitting by designation.

## OPINION

DONALD RUSSELL, Circuit Judge:

Plaintiff Choice Hotels International, Inc. (Choice) appeals the district court's dismissal of its suit, arguing that the district court erred in holding its action barred by *res judicata*. We agree and reverse.

### I.

This somewhat unusual case arose out of a franchise agreement between Choice, which owns the Quality Inn Hotel chain, and Goodwin & Boone, a partnership, under which Goodwin & Boone agreed to operate a Quality Inn in Memphis, Tennessee, as Choice's franchisee. Choice terminated the agreement in 1989 and filed an action against Goodwin & Boone in the District of Maryland, alleging that Goodwin & Boone had violated the agreement in numerous ways and owed Choice approximately $180,000.

After the suit was filed, the parties entered into negotiations and reached a tentative settlement in October, 1989. Pursuant to Local Rule 111.1, Choice informed the district court of their tentative agreement and the district court issued an order dismissing Choice's action with the caveat, "[t]he entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated."

Despite the tentative settlement, disagreements remained between the parties over how the final settlement was to be drafted, and the parties labored over the succeeding months to resolve these differences, exchanging drafts of proposed final settlement agreements. In May, 1990, seven months after the parties' tentative agreement and the court's order, Choice, believing that the parties had at last settled their disagreements, mailed a final settlement agreement to Goodwin & Boone's counsel for execution. Goodwin & Boone's counsel never executed or returned the agreement.

After it became apparent that Goodwin & Boone did not now intend to reach any settlement agreement, Choice brought a second action, identical to the first, against the partnership for its violations of the franchise agreement. Goodwin & Boone moved to dismiss this action as barred by *res judicata*, arguing that Choice's first action had been dismissed with prejudice when Choice did not move to reopen it within thirty days of the court's dismissal order. The district court agreed and dismissed this second action.

### II.

We need address only one issue to resolve Choice's appeal of this dismissal: whether the district court determined correctly that the dismissal of Choice's first action was

prejudicial after Choice did not move to reopen it within thirty days of the court's order. We conclude that it did not.

When a district court dismisses a plaintiff's action at the plaintiff's request, the district court acts under Fed.R.Civ.P. 41(a)(2). Rule 41(a)(2) states in part that "[u]nless otherwise specified in the [district court's] order, a dismissal under this paragraph is without prejudice." It is implicit in this language that the district court may dismiss the plaintiff's action either without prejudice or, by so specifying, with prejudice. *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir.1986).[1] We have held that the Rule also allows the district court to dismiss the plaintiff's action without prejudice but with conditions that the plaintiff must satisfy, and to specify that the dismissal will become prejudicial if the plaintiff fails to satisfy the conditions. *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); 5 James W. Moore, *Moore's Federal Practice* ¶ 41.06, at 41–79 (1993).

█ Rule 41(a)(2) is silent as to *how* a district court must specify that its voluntary dismissal is prejudicial if its stated conditions are not met, and few cases have addressed the issue. We find it plain, however, for two reasons that the Rule requires the district court's specification to be explicit and clear. First, from the standpoint of the plaintiff, fairness demands it. When a plaintiff fails to satisfy the district court's stated conditions and his action is dismissed with prejudice, the consequence is draconian—his claims, however meritorious, are forever barred from being heard on their merits. The plaintiff is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it. His awareness is only effectively ensured when the district court specifies explicitly and clearly that the consequence of failure to meet its conditions is prejudicial dismissal. Giving such a warning poses no significant burden on the district court—it must simply add to its order a sentence or a phrase stating explicitly and clearly that failure to meet its conditions will result in prejudicial dismissal.[2]

Second, from the standpoint of the courts, sound judicial practice dictates that district courts make such an explicit and clear specification. As courts, our purpose is to "render judgments in accordance with the substantial rights of the parties." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 648, 82 S.Ct. 1386, 1398, 8 L.Ed.2d 734 (1962) (Black, J., dissenting). As a result, we have long adhered to "the sound public policy of deciding cases on their merits," *Herbert v. Saffell*, 877 F.2d 267, 269 (4th Cir.1989) (quotation omitted); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978); *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir.1974), and not "depriving ... part[ies] of [their] 'fair day in court.'" *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 504 (4th Cir.1977) (quoting *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir.1957) (Clark, J.)), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744,

---

1. Of course, if the plaintiff requests dismissal without prejudice and the district court intends to dismiss with prejudice, the district court must give the plaintiff notice of its intention and the opportunity to withdraw his request and proceed with the litigation. *Andes*, 788 F.2d at 1037.

2. Considerations of constitutional due process also suggest that the district court's warning must be explicit and clear. In *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Supreme Court recognized that "there are constitutional limitations on the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." *Id.* at 209, 78 S.Ct. at 1094 (citing *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897)). *See also Insur-*

*ance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982) (also citing *Hovey* with approval). Neither the Supreme Court nor any other court has attempted to define these constitutional limitations, and one leading treatise has stated that an attempt to do so would be a "matter of speculation." 8 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2283, at 763 (1970). We do not attempt such a speculation here, but note only that because prejudicial dismissals for failure to meet the court's procedural conditions raise constitutional due process concerns, we should construe Rule 41(a)(2) to ease these concerns by requiring explicit and clear notice to plaintiffs when their failure to meet the court's conditions will result in prejudicial dismissal.

54 L.Ed.2d 768 (1978). This policy of deciding cases on their merits is so strong that, when a plaintiff has committed a procedural error, we will allow a district court to impose on him the "harsh sanction" of prejudicial dismissal, *Herbert*, 877 F.2d at 269; *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982), only in the "extreme cases," *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir.1976); 9 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2369, at 193 (1971), where the plaintiff has shown "a clear record of delay" or has engaged in "contumacious conduct." *Dove v. CODESCO*, 569 F.2d 807, 810 (4th Cir.1978). Requiring district courts to provide explicit and clear notice when they intend to dismiss the plaintiff's action with prejudice if he fails to satisfy its conditions promotes our strong preference that cases be decided on their merits. Such notice of this drastic consequence is likely to prompt most plaintiffs to act diligently in meeting these conditions, thereby averting prejudicial dismissal. At the same time, by prompting such diligence, this clear and explicit notice will further the smooth functioning of the judicial process.

That a district court must be explicit and clear in specifying that failure to meet its conditions will result in prejudicial dismissal is supported by the few cases that have addressed the issue. In *Plumberman, Inc. v. Urban Systems Development Corp.*, 605 F.2d 161 (5th Cir.1979), the district court granted the plaintiff leave to file an amended complaint on the condition that it be filed within ten days. To ensure that the plaintiff satisfied its condition, the court stated in its order that if the plaintiff failed to file within ten days, "its action shall be dismissed." *Id.*

at 162. The plaintiff never filed an amended complaint, but instead brought a new action against the defendant more than a year later. *Id.* The court of appeals held that this new action was not barred by *res judicata* because the dismissal of the earlier action had not been prejudicial. *Id.* It could easily have been implied from the district court's order that the threatened dismissal would be prejudicial—dismissal without prejudice would have been completely ineffective in prompting the plaintiff to file his amended complaint within ten days for, if the dismissal was without prejudice, he could simply file a new complaint whenever he wished. The court of appeals found, however, that the order's implication that it was with prejudice did not satisfy the requirement that, for a Rule 41(a)(2) dismissal to be prejudicial, the dismissal order must "specify" that it is prejudicial. *Id.* See also *Medina v. Chase Manhattan Bank, N.A.*, 737 F.2d 140, 143 (1st Cir.1984) (suggesting that district court's order must "explicitly specif[y]" that dismissal under Rule 41(a)(2) was with prejudice); *cf. McKenzie v. Davenport–Harris Funeral Home*, 834 F.2d 930, 934 (11th Cir.1987) (holding that a stipulation of dismissal under Fed.R.Civ.P. 41(a)(1)(ii) must state "expressly" that it is with prejudice).

We need not decide whether the district court's order here dismissing Choice's first action was clear in specifying that Choice's failure to move to reopen its action within thirty days would result in prejudicial dismissal,[3] because the order obviously was not explicit. The court indicated only that "[t]he entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated." At most,

---

**3.** Although we need not resolve this issue, we have doubts as to whether the order was clear in specifying that Choice's failure to move within thirty days to reopen its action would result in dismissal with prejudice. A very good indicator of whether the order was clear is whether it was clear to those who were supposed to understand it—the parties. Both parties demonstrated by their actions that they did not understand the order to indicate that the dismissal of Choice's action was with prejudice if Choice did not move to reopen the action within thirty days. Choice demonstrated its lack of understanding by not moving within thirty days to reopen its action—

plainly, unless its counsel sought a malpractice suit, it would have made such a simple motion had it understood that failure to do so would forever bar it from recovering on its claims. Goodwin & Boone showed that it also did not understand that the dismissal was prejudicial by continuing for months to negotiate an agreement with Choice to settle Choice's claims after the thirty-day period expired. Had it understood that Choice's action was dismissed with prejudice at the end of the thirty-day period, it would have believed that all Choice's claims were forever barred and would not have continued attempting to settle them.

this statement *implied* that failure to move to reopen its action within thirty days would make the dismissal prejudicial; nowhere did the dismissal order state *explicitly* that the dismissal would be prejudicial if its condition was not satisfied.[4]

Because the district court's order did not specify explicitly and clearly that Choice's failure to move to reopen its action within thirty days would result in prejudicial dismissal, we find that the dismissal of Choice's first action was without prejudice. Dismissals without prejudice do not bar subsequent suits by *res judicata*. *Plumberman*, 605 F.2d at 162; Moore, *supra*, ¶ 41.05[2], at 41-73. As a result, we hold that the district court erred in deciding that Choice's second action was barred.

We feel it important to add that this opinion does not concern the authority of district courts, exercising their discretion, to require that plaintiffs meet certain conditions when their actions are dismissed without prejudice. Nor does it concern their authority to ensure that these conditions are met by making the dismissals prejudicial if plaintiffs fail to meet them. It holds only that when district courts choose to impose such conditions on plaintiffs and to enforce them with the "harsh sanction" of prejudicial dismissal, *Chandler Leasing Corp.*, 669 F.2d at 920, they must make the threat of this sanction explicit and clear so that there can be no question, as there is in this case, as to whether a plaintiff who did not satisfy the conditions understood that, by not satisfying them, he faced prejudicial dismissal. This explicit and clear notice is demanded both by fairness to the plaintiff and by the "sound public policy of deciding cases on their merits," *Herbert*, 877 F.2d at 269 (quotation omitted), and poses no significant burden on district courts.

### III.

For the reasons stated, we reverse the district court's dismissal of Choice's second action and remand for Choice to go forward with its claims.[5]

*REVERSED AND REMANDED.*

BRITT, District Judge, dissenting:

Believing that the district court's order was sufficiently clear to inform a reasonable attorney that the case would be dismissed with prejudice if no motion to reopen was filed within thirty days of entry of the court's Order and that the district court's order of dismissal was proper under both the local and federal rules of procedure, I respectfully dissent.

The majority correctly notes that dismissal of an action at the plaintiff's request is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure. However, a decision in this case is not limited to a consideration of that rule. Also involved is Local Rule 111.1 of the Maryland District Court which provides, in pertinent part, as follows:

> When the Court has been notified by counsel that a case has been settled, the Court may enter an order dismissing the case and providing for the payment of costs. Such an order of dismissal shall be without prejudice to the right of a party to

4. The dissent describes our opinion as finding that "the order of dismissal did not make 'clear' that the dismissal was with prejudice unless the action was refiled within thirty days." This misstates our opinion. Although we have doubts as to whether the order was clear, *see* note 3 *supra*, we expressly decline to decide that issue, and, instead, specifically base our holding on our determination that the dismissal order was not *explicit* in stating that it was with prejudice unless the action was reopened within thirty days.

While this is a somewhat technical distinction, it is an important one—in our view, a plaintiff is entitled, before forever losing his potentially meritorious claims, to a district court order that warns him explicitly of the threat of prejudicial dismissal. In other words, a district court should not prejudicially dismiss the claims of a plaintiff who failed to comply with its conditions when it only implied to the plaintiff that his failure would have this draconian result. The hazard of allowing such a dismissal is plainly illustrated by this case, where the threat of prejudicial dismissal could have been implied from the district court's order, yet neither party appears to have understood it, as evidenced by the fact that both parties continued settlement negotiations for months after the case had supposedly been dismissed with prejudice, *see* note 3 *supra*.

5. Goodwin & Boone request that the panel impose sanctions on Choice on the ground that its appeal is frivolous. As Choice has prevailed in its appeal, we obviously reject this request.

move for good cause to reopen the case within a time set by the Court if the settlement is not consummated. Alternatively, the Court, upon being notified by counsel that a case has been settled, may require counsel to submit within sixty (60) days a proposed order providing for settlement, in default of which the Court may enter such judgment or other order as may be deemed appropriate.

An order entered pursuant to this Rule means that the entire case, including all claims, counter-claims, cross-claims, third-party claims and claims for attorney's fees and costs has been settled, unless otherwise stated in the order.

On being advised that the case had been settled, the district judge, on 17 October 1989, entered the following order:

### SETTLEMENT ORDER

### (LOCAL RULE 111.1)

This Court, having been advised by the parties that the above action has been settled, including all counterclaims, cross-claims and third-party claims, if any,

IT IS ORDERED that this action is hereby dismissed with each party to bear its own costs unless otherwise agreed, in which event the costs shall be adjusted between the parties. The entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated.

Over two years later, on 20 December 1991, plaintiff filed the *identical* suit. Defendant moved to dismiss and, not surprisingly, the district court allowed the motion. This Court now reverses on the stated basis that the order of dismissal was not sufficiently "explicit and clear" in specifying that the dismissal was *with* prejudice. I fear that this decision will effectively eviscerate Maryland Local Rule 111.1, and that it will do so

on a basis that, with all respect, I believe is not warranted.

This is not a case in which plaintiff *alone* sought dismissal under Rule 41. Nor is it a case in which both parties simply sought dismissal of the case without a specified reason, which could have been done without court approval and would have preserved plaintiff's right to refile at any time subject, of course, to applicable statutes of limitation.[1] Rather, it is a case in which plaintiff represented to the judge that the parties had arrived at a settlement. Counsel for plaintiff was, presumably, familiar with the local rules.[2] No doubt if counsel thought that thirty days was an insufficient time within which to conclude settlement, he could have requested and the trial judge would have given longer than thirty days. However, counsel for plaintiff did not, within the thirty days allotted by the order, refile his case or move the court for additional time within which to perfect the settlement. Instead, he *ignored* the order. Over two years later, obviously susceptible to a malpractice claim, he refiled the action, expecting the court to rescue him from his predicament. The district court refused to do so and I decline to join this Court in extending an undeserved reprieve to a careless attorney.

As the majority recognizes, two significant goals can be furthered by use of explicit, clear language: First, ensuring fairness to plaintiffs or to any party detrimentally affected by a dismissal with prejudice, and second, fostering "sound judicial practice." In my view, these interests are better served when local rules are followed and enforced. To fail to do so leaves this plaintiff free to blithely ignore the conditions specified by the district court.

I cannot agree that the order of dismissal did not make "clear" that the dismissal was with prejudice unless the action was refiled within thirty days. The operative sentence in the order said: "The entry of this Order is without prejudice to the right of a party to

---

**1.** Rule 41(a)(1) provides in part: "Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court ... by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice...."

**2.** Counsel for plaintiff lists a Baltimore address.

move *for good cause within 30 days* to reopen this action if settlement is not consummated."[3] I fail to see how the risk of failing to refile could have been made any more clear. If a party can refile within thirty days *without* prejudice, surely there *is* prejudice in attempting to do so after expiration of the time limit. Even without knowledge of the Maryland local rule it should be abundantly clear that if either party desired to reopen the case it had to do so within thirty days.[4] Taking into account plaintiff's counsel's presumed familiarity with local rules in the district in which he practices, this reasoning is all the more compelling.

Trial courts are under constant pressure to dispose of the business of the court in a timely and cost-effective manner. They are criticized when they take too much time in disposing of cases or when the costs of litigation rise. Congress passed the Civil Justice Reform Act of 1990 which, among other things, *required* each United States District Court to convene a Local Advisory Group on Expense and Delay Reduction to study the way in which the court does its business and to make recommendations for changes to reduce expense and promote earlier resolution of civil disputes. To this end, district courts depend on their local rules for effective management of their dockets. Most recommendations of Local Advisory Groups will, of necessity, be implemented through local rules. If they are to be effective, they must have the respect of the public, particularly the bar, and the support of the bench. As the trial judge said in dismissing this action:

> The finality of settlements is essential to the functioning of this Court. If parties are permitted to disrupt settlements more than two years after they have informed the Court that a matter is resolved, the settlements become meaningless.

I do not agree that the district court's assessment could be faulted in this case. I am concerned that by rejecting it, the majority's decision will encourage other litigants and counsel to believe that they too can disregard the plain meaning of conditions imposed on them in orders of dismissal under Rule 41. While I agree with the majority that there is a preference for disposing of cases on their merits and avoiding dismissals based on technicalities, that preference does not outweigh the equally important tenet that local rules are meant to be followed.

---

3. The order could have said: "The entry of this Order is with prejudice, unless a party moves within 30 days to reopen the action because the settlement has not been consummated." Surely then there would have been no question that it was clear and explicit. Yet, the similarity in wording and meaning is apparent, or should have been to any reasonably competent and responsible lawyer.

4. Moving to reopen and refiling the identical case are, of course, the same.