**BERNARD HALDANE ASSOC., INC., Plaintiff,**

v.

**The HARVARD PROFESSIONAL GROUP and Joseph Kran, Jr., Defendants.**

Civ.A. No. 98–3599.

United States District Court, D. New Jersey.

March 16, 1999.

Jon C. Martin, Fox, Rothschild, O'Brien & Frankel, Lawrenceville, NJ, for plaintiff.

Edward T. Kole, Wilentz, Goldman & Spitzer, Woodbridge, NJ, for defendants.

***OPINION***

WOLIN, District Judge.

This matter comes before the Court on a motion to dismiss filed by defendants The Harvard Professional Group and Joseph Kran, Jr. ("defendants"). The Court has decided the matter pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court will grant defendants' motion to dismiss.

## BACKGROUND

In October 1996, plaintiff Bernard Haldane Associates, Inc. ("plaintiff") filed a complaint against defendants with this Court, alleging copyright infringement and unfair competition (the "1996 complaint"). In April 1997, the parties reached what plaintiff describes as a "tentative agreement to resolve the action without further litigation." Plaintiff notified the Court of the parties' tentative settlement, in accordance with Local Civil Rule 41.1(b) of the New Jersey Federal Practice Rules ("Local R. 41.1(b)"). Judge Clarkson Fisher of this Court then issued an order (the "Order"), which provided as follows:

> It appearing that it has been reported to the Court that the above action has been settled;
>
> It is, on this 17th day of April, 1997, ORDERED this action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated.

Subsequently, and outside the 60–day window provided for in the Order, the parties' settlement agreement foundered. Plaintiff asserts that at the time the settlement negotiations ceased, "the parties had failed to agree in principal [sic] on material terms which would support an action to enforce a settlement agreement."

On July 29, 1998, plaintiff filed with this Court a complaint identical to the 1996 complaint (the "1998 complaint"), except that the font and signatory had changed.

Defendants have moved to dismiss the 1998 complaint on the grounds that it is barred by res judicata.

## DISCUSSION

■ The doctrine of res judicata, now generally known as claim preclusion, bars relitigation of causes of action that have already been before a court, as long as certain conditions are met. A subsequent claim is precluded if: 1) a final judgment on the merits has been rendered in a prior suit; 2) the prior suit involved the same parties or their privies; and 3) the subsequent suit is based on the same causes of action. *See*

*United States v. Athlone Indus., Inc.,* 746 F.2d 977, 983 (3d Cir.1984). Claim preclusion promotes the twin goals of fairness to defendants and judicial administration and efficiency by requiring a definite end to litigation. *See Velasquez v. Franz,* 123 N.J. 498, 505, 589 A.2d 143 (1991).

■ Although claim preclusion is "a rule of finality strictly enforced and liberally applied," this does not mean that "the decision to apply the doctrine should be either facile or hasty." *Purter v. Heckler,* 771 F.2d 682, 690 (3d Cir.1985). The party asserting claim preclusion bears the burden of demonstrating that it applies. *See Athlone,* 746 F.2d at 983.

The second two prongs of the claim preclusion test are plainly satisfied in this case, because the second claim asserted involves the exact same parties and an identical complaint. What remains for the Court's determination is whether the dismissal of the 1996 complaint constitutes "a final judgment on the merits," thus satisfying the remaining requirement for claim preclusion.

■ It is well-established that a "dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." *Gambocz v. Yelencsics,* 468 F.2d 837, 840 (3d Cir.1972); *see also Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 327, 75 S.Ct. 865, 99 L.Ed. 1122 (1955) ("It is of course true that [a] judgment dismissing the previous suit 'with prejudice' bars a later suit on the same cause of action."). A settlement agreement reached between the parties has the same claim preclusive force as a judicial decree. *See Bandai Am. Inc. v. Bally Midway Mfg. Co.,* 775 F.2d 70, 74 (3d Cir.1985); Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, 18 *Federal Practice and Procedure* § 4443 (1981).

■ The Order provided that the action was "dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated." It is readily apparent that the dismissal was without prejudice for 60 days after the Order was entered. The specific issue before the Court

is determining the preclusive effect (if any) of the Order after 60 days following the entry of the Order had expired.

The parties both cite to Fed.R.Civ.P. 41(a)(2) to support their positions. Rule 41(a)(2) provides that a case may be dismissed by order of the court, and "unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." In its brief, plaintiff argues that this rule requires "explicit and clear notice if the district court intends to dismiss plaintiff's action with prejudice." Defendants, on the other hand, assert that the wording used in the Order sufficed to satisfy the "unless otherwise specified" requirement of R. 41(a)(2).

The Court declines to pick a victor in this battle of words. In fact, despite both parties' reliance on R. 41(a)(2), the Court has determined that the instant Order is more appropriately interpreted in light of Local R. 41.1(b), which provides:

> When a case has been settled, counsel shall promptly notify the Clerk and the Court, thereafter confirming the same in writing. Within 15 days of such notification, counsel shall file all papers necessary to terminate the case. Upon failure of counsel to do so, the Clerk shall prepare an order for submission to the Court dismissing the action, without costs, and without prejudice to the right to reopen the action within 60 days upon good cause shown if the settlement is not consummated.

The similarity between the wording used in the Order and that included in Local R. 41.1(b) leads the Court to conclude that Judge Fisher entered the Order in deliberate accordance with the authority granted to him by Local R. 41.1(b) rather than R. 41(a)(2).

The distinction between these two rules is significant. The comment accompanying Local R. 41.1(b) specifically states that the rule is intended to "provide incentive to continue the settlement process diligently since the case *may only be reopened within 60 days.*" (emphasis added). While the comment does not have the same binding effect that the rule has, it certainly provides a cautionary note for an inquiring attorney investigating the proper interpretation of the rule.

In effect, both parties urge the Court to infer the presence of an additional explanatory sentence in the Order. Plaintiff interprets the Order to read as follows:

> [T]his action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated. *If the settlement is not consummated within 60 days, this dismissal is nevertheless without prejudice to the right to reopen the case.*

Defendant, on the other hand, reads the Order thusly:

> [T]his action is hereby dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated. *If the settlement is not consummated within 60 days, this dismissal is with prejudice to the right to reopen the case.*

Plaintiff argues that because the Order did not explicitly state that the dismissal would be *with* prejudice *after* 60 days had expired, the "without prejudice" qualification continues indefinitely. In support of its assertion, plaintiff proffers a case from the Court of Appeals for the Fourth Circuit which involved an analogous fact pattern. *See Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469 (4th Cir.1993).

In *Choice Hotels,* the parties notified the court of their tentative settlement pursuant to a local rule similar to Local R. 41.1(b). *Id.* at 470, 473. The court then dismissed the action, directing that "[t]he entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated." *Id.* at 470. The tentative settlement eventually fell through, and more than two years later, the plaintiff refiled the same complaint. *Id.* at 474. The district court dismissed the second action under the doctrine of res judicata. *Id.* at 470.

The court of appeals reversed and remanded, holding that a "district court must be explicit and clear in specifying that failure to meet its conditions will result in a prejudicial dismissal." *Id.* at 472. The court held that

when a district court enforces conditions with the "harsh sanction" of a prejudicial dismissal, the court "must make the threat of this sanction explicit and clear so that there can be no questions ... to whether a plaintiff who did not satisfy the conditions understood that, by not satisfying them, he faced prejudicial dismissal." *Id.* at 473.

A strong dissent, however, argued that the majority opinion served to "eviscerate" the provisions of the local rule regarding the finality of settlements. *Id.* at 474. Dissenting Judge Britt observed that the goals of fairness to the parties and "sound judicial practice," which were extolled in the majority opinion, are "better served when local rules are followed and enforced." *Id.* Judge Britt found that the wording of the order clearly made the dismissal prejudicial outside the applicable 30-day period—in fact, he wondered pointedly "how the risk of failing to refile could be made any more clear." *Id.* at 475. The plaintiff's attorney should have been aware of this risk, argued Judge Britt, and the court should decline to "extend[ ] an undeserved reprieve to a careless attorney." *Id.* at 474.

*Choice Hotels* is the only case cited by the parties or located by the Court which addresses the specific issue of the preclusive effect of an order which provides for dismissal without prejudice for a specified period of time, but is silent as to the quality of the dismissal outside that time frame.[1] No cases from the Third Circuit addressing this issue are evident.[2] The Court is not bound by the decisions reached by courts of appeal outside its own circuit. *See, e.g., Noto v. United States,* 598 F.Supp. 440, 442 n. 6 (D.N.J. 1984).

This Court is persuaded by the argument of the dissent in *Choice Hotels.* The Court acknowledges the rationale behind the majority opinion in *Choice Hotels,* but is reluctant to engage in indulgent stretches of syntax which distort the obvious meaning of a statement included in a court order. Although mindful of an obligation to protect parties from the improvident imposition of dismissals with prejudice, this Court will persist in holding the litigants and counsel before it to the standard of reasonable intelligence required to discern necessary corollaries of statements made by the Court.

When a court provides that an action is dismissed without prejudice under specified circumstances, it does not take a logician or a grammatician to understand the corresponding inference—that the dismissal is *with* prejudice under other conditions. If the court did not intend that certain conditions limit the dismissal without prejudice, the court would not have included those conditions. To exclude obvious implications is to destroy the force of the conditions imposed.

To paraphrase the court in *Medina, supra* n. 1, if plaintiff did not get its day in court, this was because of its own failure, or that of its attorneys, to either finalize the settlement or apply for an extension from the Court in a timely manner. *See Medina,* 737 F.2d at 145. In the alternative, of course, plaintiff could institute an action for breach of the settlement agreement. The Court is skeptical about plaintiff's claim that it is not able to do so because "the parties had failed to agree in principal [sic] on material terms which would support" such an action. In such a situation, it was perhaps unduly rash for the plaintiff to notify the Court that the parties had reached a settlement. On the other

---

1. Two other cases cited by plaintiff are inapplicable here. *See Medina v. Chase Manhattan Bank,* 737 F.2d 140, 142–43 (1st Cir.1984) (giving preclusive effect to a dismissal order which specified only that "judgment is entered dismissing with prejudice the present case"); *Plumberman, Inc. v. Urban Sys. Dev. Corp.,* 605 F.2d 161, 162 (5th Cir.1979) (refusing to give preclusive effect to a dismissal order which specified *neither* that it was with or without prejudice).

2. The Court has located one Third Circuit case that teeters on the brink of applicability, but falls short. *See Elder v. Metropolitan Freight Carriers,* 543 F.2d 513 (3d Cir.1976). In *Elder,* the Third Circuit addressed the question of whether a district court, after dismissing a matter without prejudice to reopen the matter within a specified time, retains jurisdiction to reopen the matter after that time period has expired. *See id.* at 517. The case is not relevant, however, because the Third Circuit's decision hinged on the fact that the order entered by the district court was not reflective of the agreement of the parties, and thus was subject to reopening for the correction of a mistake pursuant to Fed.R.Civ.P. 60. *See id.* at 517–18.

hand, perhaps it simply seemed easier to refile an already-drafted complaint than to formulate a new cause of action. In any event, the Court is satisfied that plaintiff had sufficient procedural and legal devices at its disposal such that barring the current claim under res judicata does not serve to unfairly deprive plaintiff of its right to pursue its legal remedies against defendants.

For the foregoing reasons, the Court will grant defendants' motion to dismiss on the grounds that the instant action is barred by claim preclusion.