**STRATEGIC RESEARCH INSTITUTE, INC., Plaintiff,**

v.

**Frank J. FABOZZI, et al., Defendants.**

**No. 99 Civ. 1215(LAK).**

United States District Court, S.D. New York.

July 19, 1999.

Melvin Simensky, Eric Osterberg, Hall, Dickler, Kent, Friedman & Wood, LLP, for Plaintiff.

Thomas M. Lancia, Mahoney & Keane, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The motions before the Court concern principally the preclusive effect, if any, of the dismissal of a prior action between the parties in contemplation of the settlement of the prior action where the anticipated settlement did not come to pass.

### Facts

Plaintiff Strategic Research Institute, Inc. ("SRI") and defendant Information Management Network, Inc. ("IMN") both are in the business of presenting educational conferences to business professionals on a variety of topics. Defendant Frank J. Fabozzi or his company, Frank J. Fabozzi Associates, Inc., owns an interest in IMN. The remaining individual defendants are employed by IMN.

In February 1998, SRI sued these defendants in this Court in an action entitled *Strategic Research Associates, Inc. v. Fabozzi*, No. 98 Civ. 1206(LAK) (the "Prior Action"). The details of the dispute are immaterial for present purposes, and it suffices to say only that plaintiff claimed that defendants had copied part of a brochure for one of plaintiff's 1998 programs.

On May 26, 1998, at the Court's urging, the principals of the warring parties met with their respective counsel in a jury room in the courthouse and worked out what the parties variously describe as an agreement in principle and a tentative agreement to settle the Prior Action. Following that meeting, defendants' counsel requested plaintiff's attorney to contact the Court to ask that the action be discontinued so that the parties could finalize their settlement. Plaintiff declined to do so. Nevertheless, on July 9, 1998, plaintiff's counsel wrote to the Court, advised that the parties had reached a settlement in principle, and asked that the Court extend the remaining dates in its scheduling order for 30 days to allow finalization of a settlement agreement.

On July 14, 1998, the Court filed an order (the "1998 Order"), endorsed on counsel's letter, which reads as follows:

"Case dismissed subject to reinstatement on request filed on or before 8/9/98 if settlement not concluded."

Following the entry of the July 14, 1998 order, the parties continued to negotiate. As the August 9 deadline approached without an agreement, however, plaintiff's counsel again wrote to the Court. The letter noted that the July 14 order had dismissed the case subject to reinstatement on or before August 9 and indicated that the parties had not yet concluded their negotiations. It therefore "request[ed] that the Court extend plaintiff's time to request reinstatement of the action to September 30th." The Court granted that application by endorsement filed on August 11, 1998.

The parties evidently continued their discussions and, according to plaintiff, Fabozzi continually represented that he was determined to settle and that he could deliver IMN. Based on those alleged assertions, plaintiff says, it did not seek another extension of the time for reinstatement of the Prior Action. Accordingly, September 30, 1998 came and went without its reinstatement.

In due course, settlement negotiations broke down. Accordingly, on February 18, 1999, plaintiff filed the present action, which asserts precisely the same claims as were included in the Prior Action. Defendants initially answered the complaint, but they subsequently filed this motion to dismiss on the ground that this action is barred by the *res judicata* effect of the 1998 Order or, in the alternative, for leave to amend their answer to assert the statute of limitations as a defense and to dismiss certain of plaintiff's claims as time-barred. Plaintiff has moved in this action, pursuant to FED.R. CIV. P. 60(b), for relief from the 1998 Order.

## Discussion

### The Effect of the 1998 Order

■ In order to place the present dispute in context, it is useful to articulate what probably is clear to most practitioners. Courts in New York, both state and federal, make frequent use of so-called 30–day, 45–day and 60–day orders when informed that the parties have agreed upon but not yet documented or obtained final authorization for a settlement. Such orders, like the one at issue here, dismiss the action subject to reinstatement if the settlement is not executed or consummated within the prescribed period. Many such orders specifically state that the dismissal is with prejudice, subject only to the right to reopen the case within the prescribed period if the conditions spelled out in the order are not satisfied, but the common understanding is that such an order dismisses with prejudice regardless of whether the words "with prejudice" appear in the order. Indeed, treatment of such a dismissal as being without prejudice would produce the unacceptable and doubtless unintended result that the dismissal would remain without prejudice *even if the parties proceeded to consummate the settlement as expected.*[1] In consequence, the protestations of SRI and its counsel that they believed that the 1998 Order dismissed the action without prejudice are inconsistent with the common understanding of the bench and bar and, indeed, with their own action in seeking one extension of the time within which to reinstate the action when settlement talks first faltered.[2] Nevertheless, this matter is governed by the Federal Rules of Civil Procedure and the principles of former adjudication irrespective of plaintiff's subjective understanding, and it is to those that the Court now turns.

The starting point for analysis of the effect of the 1998 Order is FED.R. CIV. P. 41, which provides in relevant part as follows:

"(a) Voluntary Dismissal: Effect Thereof

"(1) By Plaintiff; by Stipulation. * * * [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . .

"(2) By Order of Court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its

---

1. Of course, this would make no difference if the defendant's counsel obtained the proper release or covenant not to sue as part of the settlement documentation, as the release or covenant would bar a new action. But if the defendant's counsel were careless and simply permitted the defendant to pay the agreed settlement consideration, the plaintiff could institute a new action despite the prior dismissal, and the defendants would be left to argue that the settlement should be reformed to include the omitted documentation.

2. The assertion that they did so merely to avoid the inconvenience of filing a second action in the event the settlement were not consummated is dubious.

order for dismissal otherwise specifies, a dismissal under this subdivision *and any dismissal not provided for in this rule* [with exceptions not here relevant], operates as an adjudication upon the merits." (Emphasis added)

The parties are at loggerheads over whether the 1998 Order dismissed the Prior Action with or without prejudice—that is, whether that order operates as an adjudication on the merits. Plaintiff asserts that the 1998 Order was made pursuant to Rule 41(a)(2) and therefore that the dismissal was without prejudice because the order did not explicitly so state. Defendants, on the other hand, argue that the dismissal was pursuant to Rule 41(b) and that it was a dismissal on the merits because it did not state otherwise.

The case turns, from plaintiff's point of view, on whether the 1998 Order comes within Rule 41(a)(2), in which case the dismissal was without prejudice—for if it does not come within Rule 41(a)(2), it was a "dismissal not provided for in this rule" and therefore "operates as an adjudication on the merits." This of course depends upon whether the Prior Action was dismissed "at plaintiff's instance" within the meaning of Rule 41(a)(2).

Something occurs at one's instance when it occurs at his or her request or urging.[3] What plaintiff requested in the Prior Action was an extension of the discovery schedule, not dismissal of the action. Hence, the plain language of the Rule requires the conclusion that the dismissal of the Prior Action was not "at plaintiff's instance" and, in consequence, that the 1998 Order was not a Rule 41(a)(2)

dismissal. It was "a dismissal not provided for in this rule" and governed by Rule 41(b).[4] Accordingly, it operates as an adjudication on the merits.[5]

SRI places heavy reliance on the majority opinion in *Choice Hotels International, Inc. v. Goodwin and Boone,*[6] which it characterizes as being "on all fours" with this case and which bears some similarities to it. In that case, as here, the plaintiff in a prior action informed the district court that the parties had reached a tentative settlement. The district court dismissed the case, stating that "[t]he entry of this Order is without prejudice to the right of a party to move for good cause within 30 days to reopen this action if settlement is not consummated."[7] The settlement was not consummated and the plaintiff, instead of seeking to reopen the prior action, brought a second suit identical to the first which was dismissed on the ground of *res judicata.*

The Fourth Circuit reversed. It began from the premise that the case had been dismissed at plaintiff's instance within the meaning of Rule 41(a)(2).[8] It then reasoned that the district court had been required by Rule 41(a)(2) to give "explicit and clear notice" that the failure to reopen the prior action within thirty days would result in the dismissal being with prejudice.[9] While it declined to decide whether the order had been "clear," it based its reversal on the holding that the order had not been "explicit" as to the consequences of failing to move to reopen[10]—a distinction that it admitted was

3. Webster's II, New Riverside University Dictionary 633 (1988).

4. *See Bernard Haldane Assoc., Inc. v. Harvard Prof. Group,* 185 F.R.D. 180, 182–83 (D.N.J. 1999).

5. The only case to the contrary is *Plumberman, Inc. v. Urban Systems Develop. Corp.,* 605 F.2d 161 (5th Cir.1979). The court there held that an order dismissing claims among all of the original parties, but granting leave to the intervenor to file an amended complaint against one of the defendants within ten days and providing further than if the intervenor failed to file the amended complaint within the time provided, "its action shall be dismissed," was made at the intervenor's

instance and therefore came within Rule 41(a)(2). *Id.* at 162. But it is unpersuasive. This Court finds it impossible to characterize either the dismissal in *Plumberman* or that at issue here as having been "at the instance" of the party whose claim was dismissed, as neither sought dismissal.

6. 11 F.3d 469 (4th Cir.1993).

7. *Id.* at 469.

8. *Id.* at 470–71.

9. *Id.* at 471–73.

10. *Id.* at 472–73 & nn. 3–4.

"somewhat technical." [11]

Despite the factual similarity of *Choice Hotels* to this case, it does not bear the weight plaintiff places upon it here. As noted, *Choice Hotels* began from the premise that the prior action there at issue was dismissed at plaintiff's request and therefore fell under Rule 41(a)(2).[12] Hence, the case is distinguishable in that Rule 41(a)(2) expressly provides that a dismissal at a plaintiff's instance is without prejudice unless the district court specifically orders the contrary. The ambiguity that the circuit majority found in the district court order therefore cut in the plaintiff's favor because Rule 41(a)(2) so provides. Here, on the other hand, any ambiguity cuts precisely the other way because the Prior Action was dismissed under Rule 41(b), which provides that such dismissals are with prejudice unless otherwise specified.

As SRI does not dispute the fact that the dismissal of the Prior Action bars this one if it was an adjudication on the merits,[13] defendants' motion to dismiss this action on the ground that it is barred by *res judicata* is granted.

*The Cross–Motion for Relief from the 1998 Order*

Doubtless apprehending that defendants might prevail in their contention that this action should be dismissed on the ground that it is barred by the 1998 Order, SRI cross-moves for relief from that order pursuant to FED.R. CIV. P. 60(b), arguing that it should be vacated under Rule 60(b)(3) on the basis of defendants' alleged fraud or other misconduct in allegedly misrepresenting their intention to settle. "Had it not been for defendants' initial misrepresentations," the argument goes, "SRI would not have written the Court seeking postponement of

discovery ... [and a]bsent defendants [*sic*] misrepresentations, SRI would have reinstated the action." [14] Alternatively, it seeks relief pursuant to Rule 60(b)(6), which permits reopening a dismissed case "for any other reason justifying relief from the operation of the judgment."

Rule 60(b) permits an aggrieved party to seek relief from an order or judgment by motion in the action in which the order or judgment was entered or, in appropriate circumstances, by an independent equitable action.[15] But plaintiff has done neither. It did not seek relief by motion in the Prior Action. Nor, as a strictly technical matter, has it done so by independent action, for the complaint in this case does not seek relief from the 1998 Order. It simply has made a motion in a case other than that in which the order was entered—a course of action not sanctioned anywhere. Nevertheless, as defendants are on notice of plaintiff's position and the Court doubtless would permit amendment of the complaint in this action to assert a claim for relief from the 1998 Order, the Court will treat plaintiff's motion as an independent action for relief from that order. But that does not get plaintiff over the bar of the hurdle before it.

The availability of an independent action for relief is circumscribed by requirements that the plaintiff (1) show that it has "no other available or adequate remedy;" (2) that its "own fault, neglect, or carelessness did not create the situation for which" it seeks equitable relief; and (3) that there is a recognized ground "such as fraud, accident, or mistake ... for the equitable relief." [16] Where a plaintiff fails to pursue relief available by motion in the action in which the order or judgment in question was entered,

---

11. *Id.* at 473 n. 4.

12. *Id.* at 470–71.

This Court assumes that the plaintiff in *Choice Hotels* requested dismissal, as the Fourth Circuit suggests, although the opinion is not entirely clear on this point. If the plaintiff did not actually do so, then the Fourth Circuit majority implicitly held that a dismissal that occurs because the plaintiff advises the court of a settlement is "at the plaintiff's instance" within the meaning of Rule 41(a)(2). For the

reasons stated above, this Court respectfully disagrees with that view.

13. *See, e.g., Bernard Haldane Assoc., Inc.,* 185 F.R.D. 180.

14. Pl. Mem. 11–12.

15. *E.g., Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.,* 117 F.3d 655, 661, 663 (2d Cir.1997).

16. *Id.* at 661.

an independent action for relief will not lie.[17] Moreover, relief will be granted in an independent action only in "cases of 'injustices which ... are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of *res judicata*."[18] These principles preclude relief in this action.

■ First, plaintiff has not shown that it has no other available or adequate remedy. There simply is no reason that it could not have made a timely Rule 60(b) motion in the Prior Action. Indeed, at least to the extent that it seeks relief under Rule 60(b)(6), it arguably still may do so.[19]

Second, the plight in which plaintiff finds itself is purely the product of its own carelessness. SRI knew of the 1998 Order and of the fact that the failure to reopen the Prior Action when the settlement talks did not bear fruit within the allotted time could result in adverse consequences, as evidenced by the fact that it successfully applied for one extension of the period within which it might reopen. Its failure either to seek another extension or to reopen the case given the lack of a final settlement is inexplicable.

The loss of SRI's right to seek relief under Rule 60(b)(3) which occurred by virtue of its having made its motion for relief in the wrong case also is its own fault. The case law regarding the procedure for seeking relief from an order or judgment long has been clear, and the most recent Second Circuit case on the point was decided in 1997.[20] Parenthetically, moreover, it might be noted that plaintiff's papers, even if filed in the correct action, would not have come close to making out a legally sufficient basis for vacating the 1998 Order on the ground of fraud or misconduct by the defendants. SRI alleges only that defendants repeatedly indicated their intention to settle the case, that negotiations continued until January 1999—long after the deadline for reinstating the action had expired, and that the defendants then stopped returning its phone calls.[21] But the refusal of the defendants to settle on precisely the terms that SRI wished was not fraud or other misconduct.

Accordingly, plaintiff is not entitled to relief from the 1998 Order in this action.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss the complaint is granted on the ground that this action is barred by *res judicata* and denied in all other respects. Plaintiff's cross-motion for relief from the Court's order dismissing its 1998 action against defendants, 98 Civ. 1206(LAK), is denied without prejudice to a motion pursuant to Rule 60(b) in that action.

SO ORDERED.

---

17. *Id.* at 662–63.

18. *United States v. Beggerly,* 524 U.S. 38, ——, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998) (quoting *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, 244, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)).

19. The one year time limit on motions for relief under Rule 60(b)(3) has expired. *See* FED. R. CIV. P. 60(b).

20. *Campaniello Imports, Ltd.,* 117 F.3d 655.

