Felix **NEDLER,** Frida Vaysman, Inna Proshak, Individually and Derivatively on behalf of Circle of Friends ADHC, Inc., and Steven Proshak, Individually and Derivatively on behalf of Odessa Partners, LLC Plaintiffs,

v.

Victoria and Alan **VAISBERG,** h/w, Joseph and Lana Mandale, h/w, Michael and Elina Zaverukha, Mikhail Slobodskoi, Grace Adult Day Healthcare, Inc., LJ Cab Co., Inc., Metropolitan Transportation, Co., LLC., Two Star Cab Co., and Odessa Partners, LLC. Defendants.

No. CIV.A.05–6113.

United States District Court, E.D. Pennsylvania.

April 18, 2006.

Alan L. Frank, Frank & Rosen, Elkins Park, PA, for Plaintiffs.

Alan B. Epstein, Spector Gadon & Rosen, PC, Philadelphia, PA, for Defendants.

### ORDER & MEMORANDUM

DUBOIS, District Judge.

### ORDER

**AND NOW**, this 18th day of April, 2006, upon consideration of the Motion of Defendants To Dismiss Plaintiffs' Complaint (Document No. 19, filed January 30, 2006), the Response to Motion to Dismiss (Document No. 24, filed February 14, 2006), Defendants' Reply Memorandum Regarding Their Motion To Dismiss (Document No. 26, February 21, 2006),[1] Defendants' Amended Reply Memorandum Regarding Their Motion To Dismiss (Document No. 28, filed February 22, 2006), and Plaintiffs' Surreply in Opposition to Defendants' Motion to Dismiss (Document No. 29, filed March 1, 2006), and good cause appearing, for the reasons set forth below, **IT IS ORDERED** that the Motion of Defendants To Dismiss Plaintiffs' Complaint (Document No. 19, filed January 30, 2006) is **DENIED**.

### MEMORANDUM

### I.  INTRODUCTION

Presently before the Court is the Motion of Defendants To Dismiss Plaintiffs' Complaint (Document No. 19, filed January 30, 2006) ("Motion to Dismiss"). For the rea-

---

1.  The Defendants' Reply Memorandum Regarding Their Motion To Dismiss (Document No. 26, February 21, 2006) was filed in error.

sons set forth in this Memorandum, the motion is denied.

## II.  BACKGROUND

Plaintiffs are Felix Nedler, Frida Vaysman, Inna Proshak, and Steven Proshak. Compl. at ¶¶ 1–4. Felix Nedler is a resident of New York. *Id.* at ¶ 1. Frida Vaysman, Inna Proshak, and Steven Proshak are residents of California. *Id.* at ¶¶ 2–4.

Steven Proshak filed suit individually and derivatively on behalf of Odessa Partners, LLC, in which he is a shareholder. *Id.* at ¶ 4. Nedler, Vaysman, and Inna Proshak filed suit individually and derivatively on behalf of Circle of Friends ADHC, Inc. ("Circle of Friends"). *Id.* at ¶¶ 1–3. Circle of Friends is a closely held corporation[2] that provides daytime care services to senior citizens in Northeastern Philadelphia, Pennsylvania.[3] Nedler, Vaysman, and Inna Proshak allege that at all times relevant to this action, they have been, and continue to be, shareholders of Circle of Friends. Compl. at ¶¶ 1–3. Nedler was also a prior president of Circle of Friends. *Id.* at ¶ 1.

Defendants Alan and Victoria Vaisberg (husband and wife) ("Vaisbergs"), Joseph and Lana Mandale (husband and wife) ("Mandales"), Michael and Elina Zaverukha (husband and wife) ("Zaverukhas"), and Mikhail Slobodskoi are residents of Pennsylvania. *Id.* at ¶¶ 5–11. Victoria Vaisberg and Joseph Mandale are shareholders of Circle of Friends. *Id.* at ¶¶ 5, 7. Victoria Vaisberg also holds various positions in the corporation. *Id.* at ¶ 5. Alan Vaisberg, Lana Mandale, and Michael Zaverukha participate in the operations of Circle of Friends. *Id.* at ¶¶ 6, 8, 9.

Defendants Grace Adult Day Healthcare, Inc., LJ Cab Co. ("LJ"), Metropolitan Transportation Co., LLC, Two Star Cab Co. ("Two Star"), and Odessa Partners, LLC ("Odessa") are organized under Pennsylvania law. *Id.* at ¶¶ 12–18. These corporations are owned and/or operated by the Vaisbergs, Mandales, and/or Zaverukhas. *Id.* Hereinafter, LJ, Two Star, and Odessa will be referred to collectively as the "Vendor Defendants."

Prior to filing this derivative suit, plaintiffs Nedler, Vaysman, and Inna Proshak did not make a "demand upon the controlling shareholders, officers and directors" of Circle of Friends. *Id.* at ¶ 67. The Complaint provides no information about whether Steven Proshak made a demand on Odessa Partners, LLC, prior to filing suit.

The Complaint, filed on November 22, 2005, alleges the following eight counts:

Count I: Claim for appointment of a custodian, removal of directors, and/or appointment of a receiver pendente lite;

Count II: Derivative claim on behalf of Circle of Friends for breach of fiduciary duty, unjust enrichment, theft, conversion, and misappropriation relating to payments by Circle of Friends to the

---

2. 15 Pa.C.S. § 1103 defines a closely held corporation as a corporation that has "not more than 30 shareholders" or "is a statutory close corporation." Plaintiffs describe Circle of Friends as a closely held corporation, and defendants do not contest this point. *See* Pl. Resp. 3 n. 1.

3. The Complaint in *Nedler v. Vaisberg* does not describe Circle of Friends. The Court's understanding of Circle of Friends is informed by the description of the corporation in the Complaint of the companion case, *Circle of Friends v. Nedler, et al.* (05–2976). By Order dated January 30, 2006, the Court granted a motion to consolidate the two cases with respect to discovery, but deferred ruling on a consolidation of the matters pending for trial.

Vendor Defendants against the Vaisbergs, the Mandales, the Zaverukhas, and the Vendor Defendants;

Count III: Derivative claim on behalf of Circle of Friends for breach of fiduciary duty and unfair competition relating to the diversion of corporate opportunity against the Vaisbergs, the Mandales, the Zaverukhas, and Grace Adult Day Healthcare, Inc.;

Count IV: Derivative claim on behalf of Circle of Friends for civil conspiracy against the Vaisbergs, the Mandales, the Zaverukhas, Slobodskoi, and the Vendor Defendants;

Count V: Individual claim on behalf of Felix Nedler, Frida Vaysman, and Inna Proshak for breach of contract against Victoria Vaisberg and Joseph Mandale;

Count VI: Individual claim on behalf of Felix Nedler, Frida Vaysman, and Inna Proshak to recover damages due, breaches of fiduciary duty, and oppressive conduct of the Vaisbergs, Mandales, and Zaverukhas;

Count VII: Individual claim on behalf of Steven Proshak to recover damages due to breaches of fiduciary duty and oppressive conduct of Alan Vaisberg;

Count VIII: Claim brought individually and derivatively for appointment of a custodian, appointment of a receiver pendente lite, or appointment of a liquidating receiver.

All defendants, represented by the same counsel, jointly filed the instant Motion to Dismiss.

## III. FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Defendants filed their Motion to Dismiss based on Federal Rule of Civil Procedure 12(b)(6), "failure to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of a complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss under Rule 12(b)(6), a court must take all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiffs. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). Claims in a complaint will be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

## IV. ANALYSIS

The Motion to Dismiss and the Defendants' Amended Reply Memorandum Regarding Their Motion To Dismiss ("Def. Amended Reply") raise the following three arguments: (A) the absence of diversity of citizenship requires the dismissal of the Complaint; (B) the action is barred by *res judicata* because a state court entered a final judgment with "sufficient identity" to the instant action; and (C) the requirements of Federal Rule of Civil Procedure 23.1 have not been met. Each of these arguments is without merit.

### A. *This case satisfies the requirements of diversity jurisdiction.*

Defendants claim that the Court lacks jurisdiction over this case because the parties are not diverse as required by 28

U.S.C. § 1332.[4] Their argument is as follows: Plaintiffs Nedler, Vaysman, and Inna Proshak are suing on behalf of Circle of Friends, a Pennsylvania corporation. The citizenship of Circle of Friends is the same as that of all other defendants, i.e., they are all Pennsylvania citizens. Thus, this case fails to satisfy the requirements of diversity jurisdiction.

At the outset, the Court notes that defendants' argument constitutes a challenge to the Court's authority to hear the case. Such a challenge is properly brought under Federal Rule of Civil Procedure 12(b)(1), "lack of jurisdiction over the subject matter," not Rule 12(b)(6). Under Rule 12(b)(1), the party asserting jurisdiction bears the burden of showing that the case is properly before the Court at all stages of the litigation. *See Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1045 (3d Cir.1993). Where, as in this case, defendants launch a facial attack on the complaint, the Court is required to take the allegations of the complaint as true in deciding whether there is subject matter jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977); *Garcia v. United States,* 896 F.Supp. 467, 471 (E.D.Pa.1995).

■ The Court need not decide whether defendants' argument fails for not properly asserting it under Rule 12(b)(1) because defendants' argument is contrary to clearly established Supreme Court precedent. In *Smith v. Sperling,* 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205 (1957), the Supreme Court held that when shareholders file a derivative suit against controlling shareholders who operate the corporation with the directors' approval, the corporation is

properly considered a defendant for purposes of analyzing diversity jurisdiction. *Id.* at 97, 77 S.Ct. 1112. The *Sperling* case explained that when a derivative suit is filed, "it is plain that the [complaining] stockholder and those who manage the corporation are completely and irrevocably opposed on a matter of corporate practice and policy." *Id.* Thus, absent collusion, diversity jurisdiction exists so long as "the real collision of issues" or "the actual controversy" is between a complaining shareholder of one state and a corporation of a different state. *Id.* (internal quotations and citations omitted). In analyzing whether there is a real collision or actual controversy, the Supreme Court instructed lower courts to review only "the pleadings and the nature of the dispute." *Id.*

After examining the pleadings, the Court concludes that there is a real collision of issues and an actual controversy between Circle of Friends and plaintiffs Nedler, Vaysman, and Inna Proshak. Because there is no allegation of collusion, Circle of Friends is considered a defendant for purposes of analyzing diversity jurisdiction in this case. Thus, since none of the plaintiffs are citizens of Pennsylvania and all of the defendants are citizens of Pennsylvania, there is diversity jurisdiction.

### B. Res judicata does not bar this action.

■ Defendants argue that their Motion to Dismiss should be granted because two of the plaintiffs, Nedler and Vaysman, did not comply with an order entered by a state court judge. Defendants' argument is without merit.

---

4. Section 28 U.S.C. § 1332(a)(1) states, in pertinent part:

   The districts courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

   $ 75,000, exclusive of interest and costs, and is between ... [c]itizens of different States ....

   In this case, the matter in controversy exceeds $ 75,000.

On November 12, 2004, plaintiffs Frida Vaysman and Felix Nedler filed suit against Victoria Vaisberg and Joseph Mandale in the Philadelphia Court of Common Pleas. *See* Motion to Dismiss, Ex. B, Complaint, November 12, 2004. In that lawsuit, Vaysman and Nedler acted in their individual capacities and raised three claims. First, Vaysman and Nedler alleged that Victoria Vaisberg and Joseph Mandale improperly transferred shares of Circle of Friends to Michael Zaverukha. Second, Vaysman and Nedler complained that Victoria Vaisberg and Joseph Mandale improperly appointed themselves to the board of Circle of Friends. Third, Vaysman and Nedler alleged that Victoria Vaisberg and Joseph Mandale were improperly competing with Circle of Friends by operating Grace Adult Health Day Care, Inc.

By Order dated February 18, 2005, Judge Howland W. Abramson of the Philadelphia Court of Common Pleas dismissed the Complaint of Vaysman and Nedler as follows:

> [T]he Complaint is DISMISSED without prejudice to Plaintiffs filing an amended complaint within twenty (20) days from the date of this Order more particularly specifying the facts upon which their Complaint is based and joining as defendants Zaverukha and Grace, who are indispensable parties.
>
> FURTHER, the Petition for equitable relief is DISMISSED without prejudice to refile after the filing of an amended complaint.

*See* Motion to Dismiss, Ex. C, Order.

Although the order allowed Vaysman and Nedler until February 28, 2005 to file an amended complaint, they did not do so. Defendants argue that *res judicata* attaches to the state court's order and bars the plaintiffs from bringing this federal suit.

Defendants' argument is unavailing. Although the state court case involved Vaysman, Nedler, Victoria Vaisberg, and Joseph Mandale, the instant federal case involves additional plaintiffs, additional defendants, and different claims. Indeed, the following twelve parties were not named in the state court suit: Inna and Steven Proshak, Alan Vaisberg, Lana Mandale, Michael and Elina Zaverukha, Mikhail Slobodskoi, Grace Adult Day Healthcare, Inc., LJ Cab Co., Inc., Metropolitan Transportation Co., LLC. Two Star Cab Co., and Odessa Partners, LLC. Moreover, a review of the Complaints filed in the federal and state cases shows that substantially different claims are presented in each, and indeed, the state Complaint only contains a fraction of the claims set forth in the federal action.

Furthermore, the state court order made clear that the Complaint was dismissed *"without prejudice"* (emphasis added). Given this explicit language, this Court must not construe the dismissal as one to which prejudice attaches. As the Fourth Circuit Court of Appeals explained in *Choice Hotels International, Inc. v. Goodwin and Boone,* 11 F.3d 469 (4th Cir.1993):

> When a plaintiff fails to satisfy the [trial] court's stated conditions and his action is dismissed with prejudice, the consequence is draconian—his claims, however, meritorious, are forever barred from being heard on their merits. The plaintiff is entitled to be made aware of this drastic consequence of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid it. His awareness is only effectively ensured when the [trial] court specifies explicitly and clearly that the

consequence of failure to meet its conditions is prejudicial dismissal.

*Id.* at 471.

In this case, because the language of the state court order did not advise plaintiffs Nedler and Vaysman of the drastic consequences of failing to meet the court's condition, *res judicata* does not apply. Moreover, the Court notes, but does not decide, the question of whether *res judicata* attaches to an order dismissing a case without prejudice and with leave to amend a complaint where a plaintiff subsequently fails to amend the complaint. At least one case in the Eastern District of Pennsylvania has held that *res judicata* does not apply under such circumstances. *See Guevera v. Metropolitan Life Insur. Co.*, 2000 U.S. Dist. Lexis 5428, *12 n. 6 (E.D. Pa. April 26, 2000) (O'Neill, J.) (noting that *res judicata* does not attach to an order dismissing a case without prejudice and with leave to amend where a plaintiff failed to amend his complaint).

Defendants' reliance on *Haldane Assoc., Inc. v. Harvard Professional Group*, 185 F.R.D. 180 (D.N.J.1999), is misplaced. The *Haldane* Court was presented with a case with "the exact same parties and an identical complaint" as a previous action that had been dismissed without prejudice to the right of the parties to reopen within sixty days if settlement was not complete. Instead of reopening the previous action within the allotted sixty days, the plaintiff filed a new action. The *Haldane* Court held that *res judicata* barred the new action. *Id.* at 181. Unlike *Haldane*, the instant case presents neither the same parties nor the same claims as the state court action. Clearly, *Haldane* does not govern the analysis of this issue.[5]

For these reasons, the Court denies that part of defendants' Motion to Dismiss which is based on *res judicata* grounds.

### C. Plaintiffs have satisfied Federal Rule of Civil Procedure 23.1.

Defendants argue that their Motion to Dismiss should be granted because plaintiffs failed to comply with the requirements of Federal Rule of Civil Procedure 23.1.[6] Specifically, defendants argue that plaintiffs' failure to make a demand upon the board of Circle of Friends is inexcusable, and plaintiffs' interests are antagonis-

---

**5.** The Court notes that there is tension between the holdings of *Choice Hotels International, Inc.* and *Haldane*. The Court need not resolve the tension because *Haldane* is clearly inapposite to the facts presented in this case.

**6.** Federal Rule of Civil Procedure 23.1 requires:

In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs.

tic to the remaining shareholders. Motion to Dismiss 11, Def. Amended Reply 5–8. These arguments do not withstand scrutiny under Federal Rule of Civil Procedure 23.1. In the subsequent discussion, the Court first reviews the relevant case law and then analyzes defendants' argument.

### 1. Relevant Law

■ The Court of Appeals case, *Warden v. McLelland,* 288 F.3d 105 (3d Cir.2002), is instructive. The plaintiffs in *Warden,* siblings and family trusts who were minority shareholders, filed a derivative suit on behalf of a corporation against their brother who was in control of the corporation. The district court dismissed the Complaint for, inter alia, failure to make a demand on the board before the filing of the lawsuit. The Court of Appeals reversed.

The Court of Appeals in *Warden* recognized that, "under Pennsylvania law, a shareholder cannot ordinarily bring an action on behalf of the corporation without first making demand on the board of directors to pursue the action." *Id.* at 111 (citing *Cuker v. Mikalauskas,* 547 Pa. 600, 692 A.2d 1042, 1049–50 (1997)). However, there are exceptions to that general rule. In *Cuker,* the Pennsylvania Supreme Court expressly adopted several sections of the American Law Institute's (ALI) Principles of Corporate Governance, including the Section 7.03(b), which allows demand to be excused "if the plaintiff makes a specific showing that irreparable injury to the corporation would otherwise result." *Warden,* 288 F.3d at 111 (quoting

*Cuker,* 692 A.2d at 1052). In *Warden,* the Court of Appeals concluded that, although the plaintiffs did not make a demand on the corporate board prior to filing suit, their allegations of irreparable harm to the corporation were sufficient to survive a Rule 12(b)(6) motion under Section 7.03(b) of the ALI Principles. *Id.* The Court of Appeals further noted that although the plaintiffs pled futility in making a prior demand, such an argument was unavailing because "Pennsylvania law no longer recognizes a futility exception." *Id.*

The *Warden* Court then went on to discuss Section 7.01(d) of the ALI Principles. *Id.* at 112. Section 7.01(d) provides:

> In the case of a closely held corporation, the court in its discretion may treat an action raising derivative claims as a direct action, exempt it from those restrictions and defenses applicable only to derivative actions, and order an individual recovery, if it finds that to do so will not (i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons.

*Id.*

Section 7.01 was not explicitly adopted by the Pennsylvania Supreme Court in *Cuker,* although the Pennsylvania Supreme Court invited courts to adopt all provisions of the ALI Principles that were consistent with Pennsylvania law.[7] *War-*

---

7. Specifically, the Pennsylvania Supreme Court stated:

> Our adoption of these sections is not a rejection of other sections not cited. We have identified and studied the sections which apply to this case and have adopted those which appear most relevant.

> The entire publication, all seven parts, is a comprehensive, cohesive work more than a decade in preparation. Additional sections of the publication, particularly procedural ones due to their interlocking character, may be adopted in the future. Issues in future cases or, perhaps, further proceedings in this case might implicate additional sections of the ALI Principles.

*den,* 288 F.3d at 112 (quoting *Cuker,* 692 A.2d at 1049 n. 5). Based on *Cuker,* the Court of Appeals in *Warden* predicted that "[t]here are good reasons to believe that the Pennsylvania Supreme Court would ... adopt section 7.01(d)." *Id.* at 112. *See also Audio Visual Xperts, Inc. v. Walker,* 2000 WL 222152, 2000 Del. Ch. Lexis 30 (Feb. 18, 2000) (predicting that the Pennsylvania Supreme Court would adopt Section 7.01(d)). The *Warden* Court reasoned that, if Section 7.01(d) controlled, the district court "would have discretion to treat this case as an individual action, exempt from the procedural requirements for derivative actions." *Id.* at 112.

There are eight Pennsylvania cases addressing Section 7.01(d), each from trial courts. Five of these cases adopted and applied the provision. *See Top Quality Mfg v. Sinkow,* No. 3323, 2004 WL 2554615, 2004 Phil. Ct. Com. Pl. Lexis 61 (Nov. 3, 2004) (applying Section 7.01(d)); *White v. George,* No.1999–52470, 66 Pa. D. & C. 4th 129 (Apr. 23, 2004) (same); *Liss v. Liss,* No.2063, 2002 WL 576510, 2002 Phila. Ct. Com. P;. Lexis 89 (Mar. 22, 2002) (same); *Baron v. Pritzker,* No. 1574, 2001 WL 1855054, 52 Pa. D. & C. 4th 14, 26–27 (Mar. 6, 2001) (same); *Levin v. Schiffman,* No. 4442, 2001 WL 1807922, 54 Pa. D. & C. 4th 152 (Feb. 1, 2001) (same). Three of the cases recognized the option of applying the provision, but declined to apply it under the facts presented. *See Marucci v. Southwark Realty Co.,* No. 391, 2002 WL 1362274 (May 15, 2002) (recognizing the option of applying Section 7.01(d)); *Mogilyanksy v. Sych,* No. 3709, 2002 Phila. Ct. Com. Pl. Lexis 5 (Feb. 4, 2002) (same); *Harbor Hosp. Servs. v. Gem Laundry Servs.,* No. 4830, 2001 WL

1808556, 2001 Phila. Ct. Com. Pl. Lexis 38 (July 18, 2001) (same). No Pennsylvania case has questioned the applicability of Section 7.01(d) to a case with appropriate facts.

In light of the position of Pennsylvania courts on this issue, and the *Warden* Court's prediction that the Pennsylvania Supreme Court would adopt Section 7.01(d), this Court concludes that Section 7.01(d) of the ALI Principles may be applied in appropriate cases in Pennsylvania, and does so in this case.

2. Analysis

In this case, plaintiffs did not make a demand on the board of Circle of Friends prior to filing suit. Compl. ¶ 67. Plaintiffs explain that such a demand would have been futile. *Id.* at ¶ 73 ("the futility of making a demand upon [Circle of Friend]'s Board of Directors renders such demand excused"). Because Pennsylvania law no longer recognizes the futility exception to the demand requirement, plaintiffs' explanation is unavailing. Moreover, since plaintiffs do not allege that a demand would have caused irreparable injury to Circle of Friends, they do not qualify for the exception to the demand requirement recognized by ALI Principle Section 7.03(b) and adopted by the Pennsylvania Supreme Court in *Cuker.*

Instead, plaintiffs argue that their failure to make a demand is excused pursuant to Section 7.01(d) of the ALI Principles. Pl. Resp. 3–7. Because Circle of Friends is a closely held corporation, Section 7.01(d) allows the Court, in its discretion, to inquire whether this suit will unfairly expose the corporation or defendants to a multiplicity of action, materially preju-

---

Courts of the Commonwealth are free to consider other parts of the work and utilize them if they are helpful and appear to be consistent with Pennsylvania law.

*Cuker,* 692 A.2d at 1049 n. 5; *see also Warden,* 288 F.3d at 112 (quoting the same).

dice the interests of creditors of the corporation, or interfere with a fair distribution of the recovery among all interested persons.

Plaintiffs explain that, with the exception of two shareholders who have settled their claims,[8] all of the shareholders' interests are represented in this suit. *Id.* at 4. Accordingly, they state, multiple lawsuits are not possible. *Id.* Next, they argue that there will be "no material prejudice to the interests of the creditors and permitting this lawsuit will not interfere with a just recovery." *Id.* On these grounds, plaintiffs urge the Court to excuse the strict formalities of a derivative action. Defendants make no arguments to the contrary.[9]

Accordingly, at the Rule 12(b)(6) stage, the Court concludes that plaintiffs have satisfied Section 7.01(d) of the ALI Principles. That decision is based on the Court's finding that there is no evidence or argument that excusing plaintiffs' failure to make a demand on the Board of Circle of Friends "would invite multiple actions, materially prejudice the interests of the creditors or the corporation, or interfere

with a just recovery." *Warden*, 288 F.3d at 112.

Next, the Court must determine whether plaintiffs have complied with Federal Rule of Civil Procedure 23.1. That rule requires, in relevant part, that in a derivative suit, plaintiffs "allege with particularity ... the reasons for the plaintiff[s'] failure to ... mak[e] the effort" to "obtain the action the plaintiff[s] desire[ ] from the directors." Fed.R.Civ.P. 23.1. To determine whether plaintiffs have satisfied that provision of Federal Rule of Civil Procedure 23.1, the Court must turn to Pennsylvania law on derivative actions. That is required under *Kamen v. Kemper Financial Services, Inc.,* 500 U.S. 90, 111 S.Ct. 1711, 114 L.Ed.2d 152 (1991), in which the Supreme Court held that "the function of the demand doctrine in delimiting the respective powers of the individual shareholder and of the directors to control corporate litigation [in derivative suits] clearly is a matter of 'substance,' not 'procedure.'" *Id.* at 96–97, 111 S.Ct. 1711 (quoting *Daily Income Fund, Inc. v. Fox,* 464 U.S. 523, 543–44, 104 S.Ct. 831, 78 L.Ed.2d 645 (1984)). The Supreme Court explained that because corporations are creatures of

---

8. According to plaintiffs, the two individuals who have settled are Leonid Gorbatov and Alexander Grizotsky. *See* Response to Motion to Dismiss (Document No. 24, filed February 14, 2006) at 4. Defendants do not contest this point. *See* Defendants' Amended Reply Memorandum Regarding Their Motion To Dismiss (Document No. 28, filed February 22, 2006) (making no mention of whether Gorbatov and Grizotsky have settled and whether they are able to bring suit).

9. Instead, defendants argue:

    [U]nder Pennsylvania law, demand is excused only if the plaintiff makes a specific showing that irreparable injury *to the corporation* would otherwise result.

    .    .    .    .    .

    In the present matter, no demand was made by the Plaintiffs prior to the institution of the present action and the excuse of

the Plaintiffs of the futility of that act is simply not adequate. No showing has been made that the corporation (CoF) [Circle of Friends] would have suffered irreparable harm if Plaintiffs had taken the time to make the required demand.

Defendants' Amended Reply Memorandum Regarding Their Motion to Dismiss, at 5.

For the reasons explained in Part IV.C.1, *supra,* defendants' argument is misdirected. Because Pennsylvania courts regularly apply Section 7.01(d) of the ALI Principles in appropriate cases, it is simply not accurate to argue that demand is excused only where plaintiffs allege that irreparable injury to the corporation would result. Moreover, defendants do not respond to plaintiffs' claim that they have satisfied Section 7.01(d).

state law and private parties enter into corporate relationships with the expectation that state law will govern their rights and obligations, state law should determine who has the power to control corporate litigation. *Kamen,* 500 U.S. at 96–99, 111 S.Ct. 1711; *see also Garber v. Lego,* 11 F.3d 1197, 1206–07 (3d Cir.1993) (same). As a result, Federal Rule of Civil Procedure 23.1 "speaks only to the adequacy of the shareholder representative's pleadings," *Kamen,* 500 U.S. at 96, 111 S.Ct. 1711, and "cannot be understood to 'abridge, enlarge or modify any substantive right.'" *Id.* (quoting 18 U.S.C. § 2072(b)).

In light of *Kamen* and *Garber,* this Court relies on Pennsylvania state law on derivative actions, and specifically Section 7.01(d) of the ALI Principles, to determine whether the plaintiffs have fulfilled their obligations under the relevant provision of Federal Rule of Civil Procedure 23.1 in this case. In their Response to Defendants' Motion to Dismiss, plaintiffs explain with particularity the way in which they have complied with Section 7.01(d) of the ALI Principles, and why their failure to make a demand on the Board of Circle of Friends should be excused. Based on the Court's determination that plaintiffs have satisfied Section 7.01(d), thereby fulfilling state law requirements for excusing a shareholder's demand on a board prior to filing a derivative suit, the Court further concludes that plaintiffs have satisfied the corresponding provision of Federal Rule of Civil Procedure 23.1.

Moreover, there is no basis for dismissing the suit at this stage on the ground that plaintiffs' interests are antagonistic to the remaining shareholders. Pennsylvania courts regularly allow suits to proceed where minority shareholders in closely controlled corporations allege that majority shareholders are acting oppressively and minority shareholders were improperly frozen out of the businesses. *See, e.g., Ford v. Ford,* 878 A.2d 894 (Pa.Super.2005); *Gee v. Blue Stone Heights Hunting Club, Inc.,* 145 Pa.Cmwlth. 658, 604 A.2d 1141 (1992); *Viener v. Jacobs,* 834 A.2d 546 (Pa.Super.2003), *app. denied,* 579 Pa. 704, 857 A.2d 680 (2004), *cert. denied,* 543 U.S. 1146, 125 S.Ct. 1300, 161 L.Ed.2d 107 (2005); *Liss v. Liss,* No.2063, 2002 WL 576510, 2002 Phila. Ct. Com. Pl. Lexis 89 (Mar. 22, 2002); *Del Borrello v. Del Borrello,* 62 Pa. D. & C. 4th 417, 427–28 (2001). Defendants offer no persuasive reason why plaintiffs' interests in this case are so at odds with the remaining shareholders that this suit should not proceed.

Defendants also argue that plaintiffs fail to "fairly and adequately represent the interests of the shareholders or members similarly situated in enforcing the right of the corporation," pursuant to Federal Rule of Civil Procedure 23.1. On the present state of the record, the Court concludes that defendants' contention is without merit, and that plaintiffs fairly and adequately represent the interests of the minority shareholders in Circle of Friends.

For all of these reasons, the Court denies that part of defendants' Motion to Dismiss which argues that plaintiffs have not satisfied Federal Rule of Civil Procedure 23.1.

## V. CONCLUSION

For all of the foregoing reasons, defendants' Motion to Dismiss is denied.