Marshall A. Bernstein, Bernstein, Bernstein & Harrison, Philadelphia, Pa., for plaintiff.

Antoinette R. Stone, Asst. U. S. Atty., Peter F. Vaira, U. S. Atty., Philadelphia, Pa., for defendant.

## CROSS BROTHERS MEAT PACKERS

v.

## UNITED STATES.

Civ. A. No. 81–3525.

United States District Court,
E. D. Pennsylvania.

March 29, 1982.

## MEMORANDUM

GILES, District Judge.

Plaintiff moves for reconsideration of my memorandum and order of March 12, 1982 dismissing this action for lack of subject-matter jurisdiction. I have considered the new arguments advanced by plaintiff, and for the reasons which follow, I decline to modify the dismissal.

Plaintiff now relies on *Blessing v. United States*, 447 F.Supp. 1160 (E.D.Pa.1978).[1] In *Blessing*, the plaintiffs sustained physical injuries resulting from unsafe conditions in their employers' workplaces. The employees sued the government, alleging that the injuries were proximately caused by negligent OSHA inspections which had failed to

1. Counsel for plaintiff cited *Blessing* at the status call of December 18, 1981, but did not mention the case in plaintiff's brief in opposition to defendant's motion.

reveal the hazards. Judge Becker denied the government's motion to dismiss for lack of jurisdiction and for failure to state a claim. In reaching that result, he decided that a well-pleaded complaint relying on the good-Samaritan rule, *Restatement (Second) of Torts* §§ 323–324 A (1965), would state a claim under Pennsylvania law and the FTCA, *see* 447 F.Supp. at 1186–93, and that, on the state of the record, the suit was not barred by the FTCA's discretionary-function exception, 28 U.S.C. § 2680(a). *See* 447 F.Supp. at 1167–86.[2]

Plaintiff seems to rely on *Blessing* for two propositions: first, that plaintiff here can advance the identical federal tort claim as the *Blessing* plaintiff; and second, that like the *Blessing* claims, the claims here are within federal jurisdiction. Plaintiff's reliance is unavailing.

The first contention is both wrong and irrelevant. It is wrong because the *Blessing* claim is not "exactly the type of claim that Cross Brothers is making at the case at bar."[3] The good-Samaritan rule (which formed the legal basis for the *Blessing* claim) creates liability for "physical harm." *Restatement, supra,* §§ 323 & 324 A; *see id.* § 324 ("bodily harm"). Plaintiff here alleges that negligently incorrect meat grading resulted in economic harm. Plaintiff does not contend that the USDA meat inspectors failed to discover diseased meat, or that they damaged the meat by indelicately applying grading stamps, or by other negligence.[4]

Moreover, whether plaintiff states a claim is irrelevant to the ground for dismissal—that the misrepresentation exception deprives this court of jurisdiction. It is difficult, if not impossible, to articulate a universal test distinguishing negligence actionable under the FTCA from misrepresentation, over which this court has no jurisdiction. The reason for the difficulty is that negligence and misrepresentation are often overlapping, rather than distinct, torts. *See, e.g., Restatement, supra,* § 525 (negligent misrepresentation). The best tests I can devise are those asking: (1) whether the underlying wrongful or dangerous condition existed without the misrepresentation; (2) whether the harm could have resulted without a government representation; or (3) whether plaintiff was harmed through reliance on a misrepresentation.[5]

Regardless how the test is phrased, this complaint fails. First, the only wrongful condition created by government agents was misrepresentation, i.e., allegedly incorrect grades. Second, plaintiff could not have been harmed without some representation of the quality of the meat. Third, plaintiff was harmed through reliance on the misrepresentation.

*Blessing* does not offer a conflicting test. Indeed, it is inapposite; the misrepresentation exception was neither briefed by the parties nor raised by Judge Becker. Thus *Blessing* offers no test of misrepresentation. Neither does plaintiff. The decisive (and difficult) legal problem in this case is to devise a test allowing the court to pierce the pleadings and separate cases of true negligence from those which are merely misrepresentation in negligence's clothing. Plaintiff has failed to come to grips with this issue. I have reviewed plaintiff's other new arguments why this action is not one for misrepresentation, and find them unconvincing. Thus, there is no substantive ground for reversing my earlier decision.

---

**2.** Judge Becker also held that plaintiffs could not state a claim under *Restatement* § 324 A(b), *see* 447 F.Supp. at 1193–96, and that the complaint lacked sufficient allegations of causation. *See id.* at 1196–1200. He granted plaintiffs leave to amend. *Id.* at 1200.

**3.** Memorandum of Law in Support of Plaintiff's Motion for Reconsideration at 8.

**4.** Thus, if plaintiff is proceeding under §§ 323–324 A, and I am wrong on the jurisdictional question, then defendant would be entitled to judgment on the pleadings.

**5.** Thus, I did not, as plaintiff suggests, rule that the government may obtain dismissal merely by stating that an inspection was a cause-in-fact of plaintiff's harm. Rather, I stated that the trial judge's duty is to "look at the essential substance of the complaint," slip op. at 7, and determine if it really is a claim for misrepresentation.

Plaintiff also renews a procedural argument for denying the government's motion. My decision on this argument was implicit in my prior order. However, because plaintiff asks that I address this issue explicitly, I shall do so. Plaintiff's contention that defendant cannot move to dismiss for lack of subject-matter jurisdiction after answering the complaint is utterly frivolous.

The motion for reconsideration is denied.