**CROSS BROTHERS MEAT PACKERS, INC., Appellant,**

v.

**UNITED STATES of America.**

No. 82–1219.

United States Court of Appeals, Third Circuit.

Argued Sept. 14, 1982.

Decided April 20, 1983.

Marshall A. Bernstein (argued), Stewart J. Eisenberg, Bernstein, Bernstein & Harrison, P.C., Philadelphia, Pa., for appellant.

. Peter F. Vaira, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief, Appellate Section, Serena H. Dobson (argued), Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Before GIBBONS, WEIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Cross Brothers Meat Packers, Inc. (Cross Brothers) appeals from an order granting the government's motion to dismiss its action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346,[1] 2671–2680 (1976). We reverse and remand.

### I.

The plaintiff-appellant Cross Brothers sought $627,380.56 in damages from the United States for losses suffered due to the allegedly negligent meat grading by Department of Agriculture employees from 1977 through 1979. During that two year period, Cross Brothers was, as it had been for approximately sixty years, in the meat-packing business in Philadelphia, Pennsylvania. Cross Brothers contracted with the United States Department of Agriculture's Food Safety and Quality Service (the Service) to grade its beef for a fee. Two Department of Agriculture meat graders graded the meat for quality and yield on a daily basis at the plant. This involved stamping the grade on each meat carcass, thereby establishing its value.

On August 2, 1981 Cross Brothers filed a complaint alleging that the employees' negligence in improperly grading the meat, as well as the government's negligence in supervising the grading, caused loss of profits, business, customers and good will to Cross Brothers. The complaint stated that the "two graders breached their duty to the plaintiff arising out of the contractual relationship to provide proper and careful grading service" and that the grading was negligent and careless. Complaint, ¶¶ 6, 7, 8. The government filed a motion to dismiss, which technically should have been treated as a motion for judgment on the pleadings because it was filed after the answer. Fed. R.Civ.P. 12(h)(2). The government contended that the action was barred by 28 U.S.C. § 2680(h) (1976), which precludes recovery under the FTCA for "[a]ny claim arising out of misrepresentation. . . ."

The trial court accepted the government's position and granted the motion to dismiss, reasoning that improper grading sounded in the tort of misrepresentation rather than negligence. *Cross Brothers Meat Packers v. United States*, 533 F.Supp. 1319, 1322 (E.D.Pa.1982). On March 29, 1982 Cross Brothers filed a motion for reconsideration, which the district court denied. 537 F.Supp. 204 (E.D.Pa.1982). Cross Brothers appeals.

### II.

The breadth of the misrepresentation exception is defined not by the law of the state where the tort allegedly occurred, but by the Supreme Court's interpretation of what Congress meant by the language used in section 2680(h). *United States v. Neustadt*, 366 U.S. 696, 706, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614 (1961). Until recently the *Neustadt* case was the leading authority on the scope of the misrepresentation exception.[2] Neustadt was induced to purchase a home for less than fair market value because he relied on an appraisal statement furnished to the seller by the Federal Housing Authority (FHA). When structural defects materialized after he took up residence, Neustadt filed suit under the FTCA alleging that the FHA had negligently inspected and appraised the property. The Court held that the action was barred because it fell within the misrepresentation exception of section 2680(h). *Id.*

---

**1.** The Federal Tort Claims Act gives federal courts jurisdiction over

[c]ivil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claim-

ant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

**2.** *See also Indian Towing Co. v. United States*, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 (1955) (permitting suit against United States Coast Guard for damages to a tug boat allegedly caused by Coast Guard's negligence in failing to turn on a light).

at 711, 81 S.Ct. at 1302. Citing the Restatement of Torts § 552 which defines negligent misrepresentation,[3] the Court said that a claim alleging that the government breached its "duty to use due care in obtaining and communicating information upon which [the plaintiff] may reasonably be expected to rely" merely states the "traditional and commonly understood legal definition of the tort of 'negligent misrepresentation'...." *Id.* at 706, 81 S.Ct. at 1300.

The Court refined *Neustadt's* definition of the tort of misrepresentation in *Block v. Neal,* —— U.S. ——, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983). Justice Marshall, writing for a unanimous Court, held that a homeowner's action for damages caused by a Farmers Home Administration (FmHA) official's failure to properly inspect and supervise construction of a house was not barred by the misrepresentation exception. The Court distinguished *Neustadt* as an action involving no injury that the plaintiff would have suffered independently of his reliance on the erroneous FHA appraisal. "[T]he essence of an action for misrepresentation," the Court noted, "is the communication of misinformation on which the recipient relies." *Id.* at ——, 103 S.Ct. at 1093. In contrast, the *Block* tort involved the failure to use due care in carrying out the duties of inspection and supervision, and differed from *Neustadt* because "the Government's misstatements [were] not essential to plaintiff's negligence claim." *Id.*

▪ *Block v. Neal* requires a reversal. Although there may be overlap between the tort of misrepresentation and the tort of negligence which makes the distinction between *Block* and *Neustadt* amorphous, *see* —— U.S. at ——, 103 S.Ct. at 1094, it is clear that Cross Brothers' complaint alleging negligent supervision and grading bears a stronger resemblance to the nature of the tort in *Block* than that in *Neustadt.* The meat was irrevocably devalued when the grade was placed upon it; its value was not affected by Cross' reliance on government statements. The complaint's reference to reliance in paragraph three[4] may be nothing more than surplusage and does not necessarily place the tort within the misrepresentation exception. *Cf. Cross Brothers Meat Packers v. United States,* 533 F.Supp. at 1322 (district court emphasizes plaintiff's reliance on erroneous grades). As the Court noted in *Block,* misrepresentation and negligence claims often have certain factual and legal questions in common. —— U.S. at ——, 103 S.Ct. at 1094; *compare, e.g.,* Restatement (Second) of Torts § 552 (1977) (negligent misrepresentation) *with* Restatement (Second) of Torts § 323 (1977) (negligent rendering of service). Indeed, although a negligence claim may include an element of reliance, that element might constitute "misrepresentation" only in the generic sense of the word. —— U.S. at —— n. 7, 103 S.Ct. at 1094 n. 7. Like *Block,* the crux of this complaint consists of

3. Restatement (Second) of Torts § 552 (1977) now states:

(1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

(2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered

  (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and

  (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

(3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them.

4. "The Service received a fee for beef grading from plaintiff and the Service knew or had reason to know that plaintiff relied on accurate and careful grading so as to receive the proper price in its sales to customers." Complaint, ¶ 3.

a breach of government officials' duty to use due care in inspection and supervision. Thus *Block v. Neal* forecloses the government's misrepresentation defense under 28 U.S.C. § 2680(h).

### III.

The district court's order dismissing Cross Brothers' complaint is reversed and the case is remanded for further proceedings.