BLD-166                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4032
_____

CHRISTIANA ITIOWE,
                                                Appellant

v.

ROBERT WOOD JOHNSON UNIVERSITY HOSPITAL
HAMILTON; ST. FRANCIS MEDICAL CENTER; CAPITAL
HEALTH SYSTEMS; NJ STATE BOARD OF EXAMINERS;
TRENTON POLICE STATION; THE CITY OF TRENTON
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-12-cv-06977)
District Judge:  Honorable Joel A. Pisano
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
and Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
January 30, 2014
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Filed: February 18, 2014)
_____

OPINION
_____

PER CURIAM

        Christiana Itiowe appeals from the District Court's dismissal of her complaint.

We will affirm.

Itiowe's claims arise from her and her sister's alleged attempts to obtain medical treatment for her sister's sickle cell anemia. Itiowe claims that several medical providers delayed or refused to provide treatment after accusing her sister of feigning symptoms in order to obtain prescription drugs. Itiowe further alleges that, during these incidents, both she and her sister were harassed by medical personnel, hospital security guards, and the Trenton police. Itiowe named six parties as defendants and sought some $1.4 trillion in damages. She did not specify a cause of action, though she asserts that defendants' conduct was discriminatory and otherwise unconstitutional. She also purported to assert claims on her sister's behalf pro se.

Four defendants answered the complaint and asserted crossclaims for contribution and indemnification against each other. Defendant Capital Health Systems also asserted a counterclaim against Itiowe for costs and attorneys' fees. All defendants later filed motions to dismiss Itiowe's complaint under Rules 12(b)(1) and/or 12(b)(6), and the District Court granted them. The District Court dismissed Itiowe's claims based on her sister's alleged mistreatment with prejudice. The District Court also concluded that Itiowe failed to state a claim on her own behalf, but it dismissed her complaint to that extent without prejudice and granted her leave to amend by October 25, 2013. Itiowe appeals pro se. She has not filed an amended complaint.

We have jurisdiction under 28 U.S.C. § 1291 despite the District Court's dismissal

without prejudice[1] and despite the fact that the District Court did not address Capital Health Systems' counterclaim or the answering defendants' crossclaims.[2] Itiowe's complaint was subject to dismissal "if the pleading does not plausibly suggest an entitlement to relief," and our review of that issue is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (quotation marks omitted). The District Court technically should have treated the answering defendants' motions as Rule 12(c) motions for judgment on the pleadings because they had already answered, see Cross Bros. Meat Packers, Inc. v. United States, 705 F.2d 682, 683 (3d Cir. 1983), but the same standard applies to such motions as well, see Huertas, 641 F.3d at 32.

We agree that Itiowe failed to state a claim against any defendant, substantially for the reasons explained by the District Court. With respect to Itiowe's claims based on her

---

[1] Dismissals without prejudice generally are not final decisions, but the District Court's decision is final in this case because the thirty-day period for Itiowe to file an amended complaint has expired and Itiowe's filings on appeal indicate her intention to stand on her complaint. See Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009). In addition, the District Court later referred to this case as "closed" in two orders addressing a stay of this and Itiowe's other proceedings and did not mention any further leave to amend.

[2] Capital Health Systems' counterclaim merely sought attorneys' fees and costs for defending this litigation, and decisions on the merits are final despite unresolved claims for attorneys' fees. See Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emps., — U.S. —, No. 12-992, 2014 WL 127952, at *5 (U.S. Jan. 15, 2014). Capital Health Systems also appears to have abandoned its claim because it later requested an outright dismissal and has not filed a motion for attorneys' fees in the District Court. See Fed. R. Civ. P. 54(d)(2). The District Court effectively resolved the crossclaims by dismissing Itiowe's complaint and terminating this matter in its entirety. Cf. Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981) (holding that mere grant of summary judgment for defendant on plaintiff's claim did not resolve its crossclaim against another defendant).

sister's alleged mistreatment, Itiowe lacks standing to seek damages on her own behalf because, with exceptions not relevant here, litigants "cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991). Itiowe also lacks the authority to assert claims on her sister's behalf because a party may not represent another pro se. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991). Itiowe relies on a letter from her sister authorizing Itiowe to assist her with this lawsuit, but that letter neither confers standing on Itiowe nor permits her to represent her sister pro se. See Hollingsworth v. Perry, 133 S. Ct. 2652, 2665 (2013) (rejecting argument that "mere authorization to represent a third party's interests is sufficient to confer Article III standing on private parties with no injury of their own"); Estate of Keatinge v. Biddle, 316 F.3d 7, 14 (1st Cir. 2002) ("[T]he holder of a power of attorney is not authorized to appear pro se on behalf of the grantor.").

As for any claims that Itiowe may have intended to assert on the basis of her own alleged mistreatment, we agree with the District Court that her often-unintelligible complaint fails to suggest the existence of any plausible claim. Itiowe alleges that one of the medical providers called the Trenton police after she refused to leave and that the officers falsely arrested and "manhandled" her, but she provides no details about this alleged incident. The District Court notified Itiowe of the deficiencies with her complaint and gave her an opportunity to cure them by amendment, but Itiowe did not do so.

For these reasons, we will affirm the judgment of the District Court. Itiowe's pending motions are denied.

4