**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3680

_____

MICHAEL GOLDSTEIN,
                                          Appellant

v.

ROXBOROUGH REAL ESTATE LLC;
BRENDA HOPKINS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:15-cv-03835)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 19, 2016

Before: FISHER[**], RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed:  February 3, 2017)

_____

OPINION[*]

_____

_____

[**] Honorable D. Michael Fisher assumed senior status on February 1, 2017.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Michael Goldstein filed suit against Roxborough Real Estate, LLC, ("RRE") and Brenda Hopkins, an RRE employee, in the New Jersey Superior Court. The defendants removed the action to federal court. Goldstein filed a motion to remand based on lack of diversity. He also submitted an amended complaint in which he presented claims relating to the failed real estate ventures of four limited partnerships. In his amended complaint, Goldstein described himself as previously a limited partner and "silent, non-participating guarantor" of one of the commercial loan transactions (a construction loan agreement, a note, and a mortgage on a property in Philadelphia). He further alleged that he has now assumed RRE's former role as the general partner in the limited partnerships, acquired all third-party limited partner interests (although he notes that he has not been able to contact one of the limited partners of one partnership), and has consolidated and assigned all ownership and guaranty related claims to himself.

Specifically, Goldstein alleged that RRE engaged in fraud to obtain his and other limited partners' investment in the limited partnerships, breached the terms of the limited partnership agreements, and violated its duty of care to the limited partnerships. He also asserted that he detrimentally relied on the promises in the limited partnership agreements to personally guarantee loans for one of the limited partnerships (and that another former limited partner similarly detrimentally relied in guaranteeing another limited partnership). Goldstein sued Hopkins for breach of fiduciary duty and conversion, alleging that, as an agent of RRE, she owed duties to the limited partnerships and Goldstein (and the other

limited partners and guarantor), which she violated by mismanaging their finances and skimming money from the limited partnerships' funds.

The defendants answered, then moved to dismiss, the amended complaint. The defendants argued that Goldstein, as a pro se litigant, was improperly pursuing the claims of the limited partnership and companies who had been limited partners; that the claims were filed beyond the relevant statutes of limitation; and that the matter "should be dismissed and compelled to mediation or arbitration" pursuant to the dispute resolution provisions of the limited partnership agreements. The agreements included a provision that essentially stated that any controversy or claim "arising out of or relating to" the partnership agreements "shall be submitted to mediation," using a system of mediation employed by the American Arbitration Association ("AAA"), and any relevant controversy or claim unresolved by mediation would be submitted to "arbitration in accordance with the rules of the [AAA] provided that the laws of the State of Pennsylvania shall be applied in such arbitration, and any judgment upon the award may be entered in any court having jurisdiction thereof." The defendants requested a dismissal with prejudice in their motion.

The District Court denied Goldstein's motion to remand, concluding that there was complete diversity. Considering the motion to dismiss, the District Court also ruled that the claims should be arbitrated through the AAA in light of the clause in the partnership

agreements.[1]  In pertinent part, the District Court specifically ordered "that the Motion to forward the matter to the [AAA] is GRANTED, and this matter is administratively terminated."  Goldstein filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291.[2]  Before we can consider whether it was appropriate to send Goldstein's claims to arbitration, we must consider the threshold issue whether Goldstein may proceed pro se to bring all the claims in this matter.

Although Goldstein is the only named plaintiff, he seeks to vindicate the rights of the limited partnerships and members of the limited partnerships, including their corporate partners (one of the corporations, Euthena, LLC, is his own).[3]  In the

---

[1] Technically, the motions should have been considered motions under Rule 12(c) for judgment on the pleadings because the defendants had already answered the amended complaint.  See Cross Bros. Meat Packers, Inc. v. United States, 705 F.2d 682, 683 (3d Cir. 1983).  Although they included attachments and the District Court considered the partnership agreements, the District Court did not convert the motion into a motion for summary judgment.  The District Court could consider the partnership agreements on a motion to dismiss (or a motion for judgment on the pleadings) because they also were exhibits to the amended complaint.  See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

[2] The District Court's use of the phrase "administratively terminated" in its order raises the question whether the District Court's order directing arbitration is final and immediately appealable.  However, upon review, we conclude that we have jurisdiction to review the order directing arbitration of the claims raised by Goldstein.  See Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 89 (2000); Blair v. Scott Specialty Gases, 283 F.3d 595, 601 (3d Cir. 2002); Trippe Mfg. Co. v. Niles Audio Corp., 401 F.3d 529, 532 (3d Cir. 2005).  Additionally, because the appeal from the order denying the motion to remand comes within the appeal from a final order, we also have jurisdiction to review the order denying the motion to remand.  See La Chemise Lacoste v. Alligator Co., 506 F.2d 339, 341 (3d Cir. 1974).

[3] He, personally, entered into three of the limited partnership agreements.  Euthena, LLC,

4

detrimental reliance claim, he seeks recovery only for himself and for the assigned claim of the other individual guarantor (Michael Fitzgerald). For the rest, he requests relief for himself individually and as the assignee of all the other limited partners' interests. Also, some of his claims explicitly describe violations of the rights of the limited partnerships. For example, in his negligent supervision claim, he alleges a breach of the duty of care to the limited partnerships, and in his breach of fiduciary duty claim, he alleges that Hopkins breached her duty of loyalty and good faith to the limited partnerships. Amended Complaint ¶¶ 80-81 & 93. But, in each claim, Goldstein was careful to include allegations relating to himself individually and his own injury.

The defendants argue that Goldstein is pursuing claims on behalf of corporations. Corporations, including limited partnerships, may appear in federal court only through counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993); see also Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3rd Cir. 1966) (per curiam); United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008). We also note that it could be argued that Goldstein seeks to represent at least one other individual (which he also cannot do in federal court, see, e.g., Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)).

We cannot resolve the issue on the record before us, and we further conclude that the District Court could not resolve the issue in Goldstein's favor based on the pleadings.

was a partner to all four agreements. All four agreements were included as attachments to the amended complaint.

Goldstein included allegations that he himself has an interest in the claims by pleading the consolidation and assignment of the ownership issues. Specifically, he alleged that "since the termination of RRE as the general partner" in the limited partnerships, Goldstein assumed the role of general partner, acquired all interests in the limited partnerships but one, and consolidated and assigned the interests to himself.

However, Goldstein's attachments to his amended complaint and statements in the defendants' answer raise questions. By the terms of the agreements Goldstein submitted, the interests of the limited partner were transferable with the consent of the general partner, see, e.g., Limited Partnership Agreement of 6112 Ridge, LP § 12(b) (Supp. App'x at Da. 33), and could be sold under certain conditions, id. at § 12(c) (Supp. App'x at Da. 34). As Goldstein noted, RRE was the original general partner. It is not clear how RRE was "terminated" from that role, Amended Complaint ¶ 14, although Goldstein also alleged that RRE and the limited partners agreed to remove RRE as the general partner, id. ¶ 47. The defendants answered the allegations discussing RRE's termination and Goldstein's assumption of the general partner role with "denied as stated." Answer at ¶ 14 & ¶ 47. Under the agreement, RRE was to continue to act as the general manager unless the limited partners elected a new general partner by majority vote. See, e.g., Limited Partnership Agreement of 6112 Ridge, LP § 12(b) at § 9(f) (Supp. App'x at Da. 31). The agreements describe ways that the limited partnerships could be dissolved, but there is no allegation that they were dissolved. To the contrary, Goldstein suggests that they still exist (he "has assumed the role of general partner," Amended Complaint ¶ 14;

6

he wishes to replace the limited partnerships to recover its claims, id. ¶ 17; and he describes them as currently insolvent, id. at ¶ 18). For these reasons, the issue whether Goldstein proceeds on his own behalf, and if so, to what extent, remains in dispute.

Furthermore, even if the District Court concludes after additional fact-finding that Goldstein brings any claims on his own behalf, the District Court may also need to address whether Goldstein has standing to raise those claims. Specifically, if Goldstein may proceed pro se, the District Court may need to determine whether Goldstein can bring a direct action under Pennsylvania law for his interests or any "assigned" interests in the claims in the complaint.[4] The Pennsylvania Superior Court has adopted a test for whether a direct action can be brought that "depends on whether the primary injury alleged in the complaint is to the partnership or to the individual plaintiffs." Weston v. Northampton Personal Care, Inc., 62 A.3d 947, 1009 (Pa. Super. Ct. 2013) (quoting Kenworthy v. Hargrove, 855 F. Supp. 101, 106 (E.D. Pa. 1994)). More specifically, "[w]hen a limited partner alleges wrongs to the limited partnership that indirectly damaged a limited partner by rendering his contribution or interest in the limited partnership valueless, the limited partner is required to bring his claim derivatively on behalf of the partnership."[5] Id. A limited partner can vindicate a wrong done to a limited

---

[4] Although Goldstein initially filed in a New Jersey court, he seeks recovery under Pennsylvania law.

[5] Under Section 7.01 of the ALI Principles of Corporate Governance, a court in its discretion treats a derivative claim as a direct claim after concluding that the corporation would not be exposed to a multiplicity of actions, the creditors would not be unfairly

partnership only insomuch as a stockholder can seek redress for a wrong done to a corporation (i.e., through a derivative action). Id. The District Court may wish to consider whether the claims of fraud (at least in part), breach of contract, negligent supervision, breach of fiduciary duty, and conversion relate to injuries to the partnerships.[6]

We further note that once the District Court determines which claim or claims remain, the District Court may wish to assure itself that it retains diversity jurisdiction to adjudicate the matter. Although the parties would remain diverse (Goldstein is a citizen of New Jersey; Hopkins is a resident of California; and RRE is a Pennsylvania limited liability company), the amount in controversy may change based on which claim or claims remain.

---

prejudiced, and a fair distribution of recovery among all interested parties would not be disturbed. We express no opinion here whether that provision should be considered. The Pennsylvania Superior Court has predicted that the Pennsylvania Supreme Court would not adopt Section 7.01(d) of the ALI Principles of Corporate Governance, which would allow a court to treat some derivative claims as direct actions under certain circumstances. See Hill v. Ofalt, 85 A.3d 540, 554 (Pa. Super. Ct. 2014). We had earlier thought the issue was best left unresolved, although we predicted that the Pennsylvania Supreme Court may adopt it, see Warden v. McLelland, 288 F.3d 105, 114 (3d Cir. 2002), and at least one federal district court has applied it, see Nedler v. Vaisberg, 427 F. Supp. 2d 563, 570-71 (E.D. Pa. 2006). We note that even if Section 7.01(d) applies, there may be reasons in this case why a derivative claim would not be treated as a direct claim.

[6] In evaluating the fraud claim, the District Court may also wish to decide whether, to the extent it relates to "seducing investment," it describes an injury to the limited partners as potential investors, see Kenworthy, 855 F. Supp. at 107 n.10. Also, the District Court may wish to determine whether the claim of detrimental reliance in relation to Goldstein's role as a guarantor describes an injury distinct from the harm suffered by the other partners.

8

Once all of the issues we have described are resolved, with additional fact-finding where necessary, the District Court is free to revisit the arguments that the claims should go to arbitration and/or whether they are time-barred.

In short, because it is not clear from the current record whether Goldstein proceeds on his own behalf, we will vacate the District Court's judgment. We will remand this matter to the District Court for additional fact-finding and the resolution of that question. As we noted, if the District Court concludes that Goldstein proceeds on his own behalf, the District Court may wish to consider whether he has standing to bring those claims as a matter of Pennsylvania law. The District Court may also then wish to assure itself of its jurisdiction in diversity before reassessing the arguments that the claims are appropriate for arbitration and/or time-barred.