**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1354
_____

MICHAEL GOLDSTEIN, Appellant

v.

ROXBOROUGH REAL ESTATE, LLC; BRENDA HOPKINS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-15-cv-03835)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2018

Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed November 6, 2018)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Michael Goldstein appeals pro se from the District Court's order granting judgment on the pleadings to the defendants. For the reasons detailed below, we will affirm the District Court's judgment.

In 2006, Goldstein and others formed four limited partnerships to purchase property in Philadelphia. Defendant Roxborough Real Estate, LLC (RRE) was the general partner and was responsible for managing the limited partnerships and their assets. Defendant Brenda Hopkins was an employee of RRE. According to Goldstein's complaint, in 2008, he audited RRE's accounting and discovered that the defendants had failed to keep accurate records and had grossly mismanaged the partnerships. Goldstein contends that this mismanagement forced the partnerships to abandon the properties to the lender banks and led to the partnerships' insolvency. Goldstein then assumed the role of general partner, obtained the interests of the non-defendant partners, and brought this action, raising claims of fraud, breach of contract, negligent supervision, detrimental reliance, breach of fiduciary duty, and conversion.

The District Court ruled that the parties were required to arbitrate the dispute and administratively terminated the matter. Goldstein appealed. We concluded that it was not clear whether Goldstein sought to proceed on his own behalf or on behalf of the partnerships, and thus remanded the matter to the District Court for further proceedings. See Goldstein v. Roxborough Real Estate LLC, 677 F. App'x 796, 800 (3d Cir. 2017) (not precedential). On remand, the District Court granted judgment on the pleadings to the defendants, concluding that one of Goldstein's claims was barred by the applicable

statute of limitations and that the remainder could be asserted only derivatively through the partnership, not directly by Goldstein. Goldstein then took this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's order granting the defendants' motion for judgment on the pleadings de novo. See In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II), 751 F.3d 150, 156 n.11 (3d Cir. 2014).

Under Pennsylvania law (which applies here, see Goldstein, 677 F. App'x at 799 n.4), a partner in a limited partnership has standing[1] to personally assert a direct action against another partner if he has sustained "an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited partnership." 15 Pa. Cons. Stat. § 8691(b). On the other hand, "[w]hen a limited partner alleges wrongs to the limited partnership that indirectly damaged a limited partner by rendering his contribution or interest in the limited partnership valueless, the limited partner is required to bring his claim derivatively on behalf of the partnership." Weston v. Northampton Pers. Care, Inc., 62 A.3d 947, 957 (Pa. Super. Ct. 2013) (quotation marks omitted). In those circumstances, "such a claim belongs to, and is an asset of, the corporation." Hill v. Ofalt, 85 A.3d 540, 548 (Pa. Super. Ct. 2014).

We agree with the District Court that while Goldstein has attempted to assert his claims directly, he is required to assert them derivatively. In his complaint, Goldstein

---

[1] While the issue might also be characterized as involving the identity of the real party in interest, see Frank v. Hadesman & Frank, Inc., 83 F.3d 158, 159–60 (7th Cir. 1996), we will use the terminology that the Pennsylvania courts have used, see, e.g., Weston, 62 A.3d at 956-60.

3

alleges that he was harmed by the defendants' misconduct because his contribution to and interest in the partnerships lost value and the creditors of the partnerships have pursued judgments against him as the personal guarantor of loans to the partnership. However, these injuries are "dependent upon and derivative to the [partnership's] injury." Id. at 551-52 (so holding with respect to claim that the defendant's "waste, mismanagement, and theft of corporate assets caused the corporation to default on its loan and then caused the Small Business Association to institute proceedings based upon Appellant's personal guarantees"); Weston, 62 A.3d at 957; see also United States v. Acorn Tech. Fund, L.P., 429 F.3d 438, 447 (3d Cir. 2005). Therefore, the District Court did not err in concluding that Goldstein is not permitted to assert these claims directly.[2]

Goldstein argues that, even if his claims must generally be pursued derivatively, we should recognize an exception described in § 7.01(d) of the ALI Principles of Corporate Governance. Under this exception, a Court may, in its discretion, treat a derivative action against a closely held corporation as a direct action if doing so will not "(i) unfairly expose the corporation or the defendants to a multiplicity of actions, (ii) materially prejudice the interests of creditors of the corporation, or (iii) interfere with a fair distribution of the recovery among all interested persons." Id. We question whether the Pennsylvania Supreme Court would adopt this exception; the Superior Court has expressly refused to do so, see Hill, 85 A.3d at 556, and the legislature has not included

---

[2] In his amended complaint, Goldstein lists only himself as the plaintiff. Because he is not a lawyer, he would not be permitted to represent the partnerships pro se in federal court. See, e.g., Murray ex rel. Purnell v. City of Phila., 901 F.3d 169, 170–71 (3d Cir. 2018).

this exception in the relevant statutes, see 15 Pa. Cons. Stat. §§ 8691–92.  Moreover,

even if the Supreme Court were to recognize this exception, it is best applied in cases

where the entity's "solvency is not in question," ALI Principles of Corporate Governance

§ 7.01 cmt. e.; see also Frank, 83 F.3d at 161-62, and Goldstein has alleged that the

partnerships here are insolvent.  Therefore, the District Court was not required to apply

this exception here.[3]

Accordingly, we will affirm the District Court's judgment.

---

[3] Goldstein also argues that the District Court lacked subject-matter jurisdiction, but we are satisfied that the parties are completely diverse.  More specifically, the record reveals that Goldstein is a citizen of New Jersey, while Hopkins and Richard Diamond are citizens of California.  See Goldstein, 677 F. App'x at 800 (stating that the parties "remain diverse"); McCann v. Newman Irrevocable Tr., 458 F.3d 281, 286 (3d Cir. 2006) (explaining that, in determining an individual's citizenship, the Court will consider, among other things, a driver's license).